UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YULIYA GLAZMAN,

      Plaintiff,

v.                                      Case No. 8:26-cv-1522-TPB-AEP

CITIGROUP, INC., CITIBANK, N.A.,

      Defendants.

_____/

## **ORDER**

This cause comes before the Court on Defendant Citigroup Inc.'s Motion to Stay Discovery (Doc. 14) and Plaintiff's Response in Opposition (Doc. 17). By the Motion, Defendant seeks to stay discovery until the resolution of the pending Motions to Dismiss and Compel Arbitration (Docs. 10, 29). For the reasons stated in the Motion and below, Defendant's Motion (Doc. 14) is GRANTED.

In general, courts maintain broad discretion in managing discovery matters, including staying discovery. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). In exercising this discretion, a court is permitted to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) if the movant shows "good cause and reasonableness." *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Fed. R. Civ. P. 26(c) (indicating that courts have discretion to deny or limit discovery to protect a party from undue burden or expense and to promote a case's efficient resolution).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. Therefore, in making this determination, the Court must "take a preliminary peek at the merits of the [allegedly dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *See id.* at 652–53 (internal quotations omitted).  This Court may stay discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Falcon v. Televisaunivision Digital, Inc.*, No. 8:23-cv-2340-TPB-JSS, 2024 WL 639789, at \*1–2 (M.D. Fla. Feb. 15, 2024); *Hillery v. Dick Baird, Inc.*, No. 6:18-cv-1506-ORL-37-TBS, 2019 WL 13082690, at \*2 (M.D. Fla. Feb. 25, 2019); *Shireman v. Tracker Marine, LLC*, No. 3:18-cv-740-J-34MCR, 2018 WL 11482799, at \*2 (M.D. Fla. Nov. 30, 2018); *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at \*2-3 (M.D. Fla. Apr. 27, 2011); *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at \*2 (M.D. Fla. Feb. 14, 2008) ("[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith.") (collecting cases).

Here, Defendant argues that it has demonstrated good cause for a stay because it would be impracticable for the parties to engage in discovery while Defendant's motions remain pending that, if granted, may dispose of Plaintiff's claims altogether (Doc. 14, at 4–5). The Court agrees and finds good cause exists to

2

grant a stay of discovery pending the resolution of Defendant's Motions to Dismiss and Compel Arbitration.

Accordingly, it is hereby

ORDERED:

1.      Defendant Citigroup Inc.'s Motion to Stay Discovery (Doc. 14) is GRANTED.

2.      All discovery in this matter is stayed until the resolution of Defendant's Motions to Dismiss and Compel Arbitration (Docs. 10, 29).

DONE AND ORDERED in Tampa, Florida, on this 22nd day of May 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record
        Plaintiff, *pro se*

3