MAY 26 2026 PM12:10
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

YULIYA GLAZMAN,

*Plaintiff,*

v.                                                    Case No. 8:26-cv-1522-CEH-AEP

CITIGROUP, INC., and
CITIBANK, N.A.,
*Defendants.*

## DECLARATION OF YULIYA GLAZMAN IN OPPOSITION TO

## DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION

I, Yuliya Glazman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I am the Plaintiff in the above-captioned action. I am a resident of Lake County, Florida. I was employed by Citibank, N.A. through May 7, 2026.

2.    I have personal knowledge of the matters stated in this declaration, except where stated on information and belief, and if called as a witness I could and would testify competently to the matters stated.

3.     Exhibit A to this declaration is a true and correct copy of the separation agreement that Citi tendered to me on April 7, 2026.

4.     Exhibit B to this declaration is a true and correct copy of the revised separation agreement that Citi tendered to me on May 11, 2026.

5.     Citi transmitted the April 7, 2026 separation agreement to me by electronic delivery through Citi's human resources system on April 7, 2026.

6.     Jackson Lewis P.C., counsel of record for Citi, transmitted the May 11, 2026 revised separation agreement to me by email on May 11, 2026.

7.     Paragraph 7(b) of the April 7, 2026 separation agreement (Exhibit A) states:

"Subject to Paragraphs 5(g) and 14 of this Agreement, you represent and warrant that you have not filed, directly or indirectly, nor caused to be filed, any legal proceeding against Citi or the Releasees in any state or federal court or in arbitration, or any administrative proceeding with any local or state agency having jurisdiction over claims of employment discrimination, claims for past or future wages, salary, bonuses, stock, stock options or other forms of compensation or benefits, claims arising under CAP, DCAP, or any

other issues concerning your employment, the terms and conditions of your employment, and/or the separation of your employment from Citi."

Exhibit A ¶ 7(b). On April 7, 2026, this action was pending in this Court under Case No. 6:26-cv-00555-CEM-NWH in the Orlando Division (subsequently transferred to the Tampa Division and now bearing the above-captioned case number), and EEOC Charge No. 511-2026-02539 was pending before the Equal Employment Opportunity Commission. The text of the April 7, 2026 agreement applied to all proceedings against Citi as of the date of signing, with the federal action and the EEOC charge already pending.

8.   Paragraph 5(a) of the May 11, 2026 revised separation agreement (Exhibit B) states, in pertinent part:

"This release includes all claims asserted by Releasors in the matter of Yuliya Glazman v. Citigroup, Inc. and Citibank, N.A., Case No. 6:26-CV-00555-CEM-NWH."

Exhibit B ¶ 5(a).

9.   Paragraph 7(a)(i) of the May 11, 2026 revised separation agreement (Exhibit B) states, in pertinent part:

"[Y]ou have been paid all wages due and owing from Citi in accordance with the Fair Labor Standards Act and applicable state wage law(s), including, but not limited to, overtime except as alleged in Yuliya Glazman v. Citigroup, Inc. and Citibank, N.A., Case No. 6:26-CV-00555-CEM-NWH which are agreeing to dismiss and release all claims asserted therein in exchange for the consideration provided in this Agreement."

Exhibit B ¶ 7(a)(i).

10.    Paragraph 7(b) of the May 11, 2026 revised separation agreement (Exhibit B) states, in pertinent part:

"[Y]ou represent and warrant that you have not filed, directly or indirectly, nor caused to be filed, any legal proceeding against Citi or the Releasees in any state or federal court or in arbitration, or any administrative proceeding with any local or state agency having jurisdiction over claims of employment discrimination, claims for past or future wages, salary, bonuses, stock, stock options or other forms of compensation or benefits, claims arising under CAP, DCAP, or any other issues concerning your employment, the terms

and conditions of your employment, and/or the separation of your employment from Citi with the exception of Yuliya Glazman v. Citigroup, Inc. and Citibank, N.A., Case No. 6:26-CV-00555-CEM-NWH which you acknowledge you will dismiss with prejudice and release all claims asserted therein in exchange for the consideration provided in this Agreement."

Exhibit B ¶ 7(b).

11.    Paragraph 17(a)(ii) of the May 11, 2026 revised separation agreement (Exhibit B) states, in pertinent part:

"Except as otherwise provided herein, payments made to you pursuant to Paragraph 1 of this Agreement will be made as soon as practical following the later of the end of your Notice Period or the Effective Date of this Agreement, and receipt of an Order from the Court reflecting that Yuliya Glazman v. Citigroup, Inc. and Citibank, N.A., Case No. 6:26-CV-00555-CEM-NWH has been dismissed with prejudice but in no event later than March 15 of the calendar year following the calendar year in which your Notice Period commenced."

Exhibit B ¶ 17(a)(ii).

12.   On April 23, 2026, I interviewed for an internal position with Citi. At the conclusion of the interview, I was advised that follow-up would occur within approximately one week. From April 23, 2026 through May 7, 2026, my status with respect to the internal position remained without further communication from Citi.

13.   I did not sign or execute the April 7, 2026 separation agreement. I did not sign or execute the May 11, 2026 revised separation agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 26, 2026

Yuliya Glazman

Plaintiff, pro se
2110 Thousand Trails Road
Clermont, FL 34714
Telephone: (407) 794-6503