# EXHIBIT A

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0



March 06, 2026

Ms. Yuliya Glazman
2110 Thousand Trails Blvd
Clermont, FL 34714


Dear Yuliya:

This is to notify you that your employment with Citibank N.A. (together, as applicable, with its parent, subsidiaries and affiliates, "Citi") is being terminated due to the elimination of your position. As a result, and except as otherwise provided below, your employment will terminate as of the close of business on May 07, 2026 ("Termination Date"). This Separation Agreement and any attachments ("Agreement") set forth the total payments and benefits that you are eligible to receive in connection with the separation of your employment.

1.   **Separation Benefits.**

In consideration for signing this Agreement and complying with its terms, and subject to any legal, governmental or regulatory requirements or approvals, you will receive the following benefits:

(a) A lump sum payment under the applicable Citi Separation Pay Plan (the "Plan") of $79,725.38 (less applicable taxes, withholdings, and deductions) ("Separation Pay"), representing 30 weeks ("Separation Pay Period") at your current annual base salary rate of $138,190.65.

(b) Outplacement services based on your current position. You will have 4 months from your Termination Date to initiate these services.

2.   **Notice Period Obligations and Benefits.**

Regardless of whether you sign this Agreement, the following provisions shall apply:

(a) Except as otherwise provided below, your employment will terminate at the end of a paid notice period, commencing on March 09, 2026 and ending on May 07, 2026 (the "Notice Period"). Your Notice Period may be working, nonworking, or some combination thereof, as determined by your manager. While on your nonworking Notice Period, you will be relieved of your job duties and responsibilities and should no longer report to work or contact clients or represent yourself to be acting on behalf of Citi. Further, your signing authority will be revoked, and you will no longer serve as an officer, director or member of Citigroup Inc., its subsidiaries, affiliates, successors, assigns, and all other company-related entities, boards or committees. If requested, you

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 2

will tender appropriate letter(s) of resignation.

(b) Pay during the Notice Period will be determined based on your current annual base salary rate as set forth above, or, in the event of an approved disability leave, the applicable disability benefit schedule, and will be subject to all applicable taxes, withholdings, and deductions. These payments will be made on the regular payroll dates established by Citi during this period. Further, during the Notice Period, you will remain eligible to participate in Citi's benefits plans, as elected, subject to the terms of those plans. Provided you are not a Covered Employee under Citi's Employment Termination Notice and Nonsolicitation Policy, then if you accept employment with another employer during your nonworking Notice Period, then your Notice Period and your Citi employment shall terminate as of your start date with such subsequent employer (Termination Date), and any Notice Period pay not yet paid as of your Termination Date will be paid to you as a lump sum as soon as administratively practical following your Termination Date.

(c) This Notice Period is in compliance with any and all obligations under the federal Worker Adjustment and Retraining Notification Act ("WARN") and satisfies any notice that you may be entitled to under WARN or applicable state/local law. Further, you are hereby advised that this job action and similar job actions by Citi at your current work site are expected to be permanent, and there are no bumping rights. Any other notice period to which you may be subject will run concurrently with the Notice Period provided herein.

(d) You will receive payment (less taxes, withholdings, and deductions) for any unused planned time off that you earned through the last day of your Notice Period pursuant to applicable policy. This payment will be made as soon as administratively practical following the last day of your Notice Period.

(e) You will not receive a discretionary award package or any other bonus or incentive compensation for the performance year in which you signed this Agreement.

(f) If you are a Citi-sponsored visa holder (including H-1B and O-1 visa holders), Citi will issue payment to you for the reasonable cost of return transportation for you and your eligible family members to the country of last residence outside the United States. This payment will be issued as soon as practicable pursuant to Citi's policies; please contact Human Resources for additional information. You acknowledge and agree that you are

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-7A9E-05B87873B2C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 3

exclusively responsible for maintenance of your status in the U.S. (and that of any immediate family members) from your last day worked until your departure from the U.S. Furthermore, if you are an H-1B holder, Citi will notify U.S. Citizenship and Immigration Services that your employment in H-1B status has ended.

(g) Any award made to you pursuant to a discretionary incentive and retention plan or program, such as a stock award made to you pursuant to the Citigroup Capital Accumulation Program ("CAP") or a deferred cash award made to you pursuant to the Deferred Cash Award Plan ("DCAP"), and, if applicable, your participation interest in any limited partnership or other employee investment plan, shall be treated in accordance with the terms and conditions of the applicable program, plan and the applicable award or other documentation relating thereto. Please consult the relevant documents for the controlling terms. You may also contact ConnectOne at (800) 881-3938 and select "Benefits". If you participate in a limited partnership or other employee investment plan, you may call (212) 783-1230 or (866) 448-0639 and select option 2.

**Except as otherwise provided herein and for purposes of this Paragraph 2(g), your Termination Date shall be the last day of your Notice Period.**

For purposes of your CAP awards, your employment will be deemed to have been terminated "involuntarily other than for gross misconduct". Therefore, your outstanding CAP awards will continue to vest following your Termination Date on the terms and subject to the conditions thereof, and such awards may become subject to income or payroll taxes in one or more jurisdictions after your Termination Date. You acknowledge that you are solely responsible for paying any tax amounts due as a condition to receiving distributions or payments of your outstanding deferred stock or cash awards. If any payroll taxes become due prior to the distribution or payment of any portion of your outstanding awards, you will receive an invoice from Citi for the amount of the taxes you owe in respect of such awards. If this amount is not paid in full by the due date specified in the invoice, all or a portion of your outstanding awards may be canceled.

(h) If you are currently enrolled in the Citigroup Health Benefits Plan, the Citigroup Dental Benefit Plan, and/or the Citigroup Vision Benefit Plan (each a "Benefit Plan", together, the "Benefit Plans"), you may elect, under the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA"), to temporarily continue your benefits beginning the day after your Termination Date. Except as noted herein, for

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 4

purpose of coverage under a Benefit Plan or the Benefit Plans, if you have attained age 65 as of your Termination Date, your coverage will terminate on the last day of the month in which your employment terminates (instead of your Termination Date). You will receive notification from Citi's COBRA Administrator further advising you of the continuation of benefits available and the rates and premium payment procedure. If eligible, you may waive your COBRA coverage and elect to enroll in retiree medical, and dental, and/or vision coverage ("Retiree Coverage") as currently available. If you are eligible for Retiree Coverage, you will receive enrollment information which will set forth the deadline for enrollment, as well as the cost and terms and conditions of the Retiree Coverage, as set forth under the applicable plan documents and policies which are administered and interpreted by applicable plan administrators.

(i) Through your Termination Date, you must continue to comply with all stock ownership commitments and all personal trading policies that applied to you during your employment. The personal trading restrictions imposed by these policies apply to all personal trading accounts ("Personal Accounts") held by you as well as the personal accounts of immediate family members if they are subject to those polices ("Related Accounts"). Failure to abide by the applicable trading restrictions for both Personal Accounts and Related Accounts may result in trade cancellation with all associated costs being borne by the account holders. To pre-clear transactions or if you have questions regarding personal trading, please contact the Employee Trading Hotline at (866) 369-2074. (*1)

(j) If you are a FINRA registered employee, the following provisions will apply:

(i) Your U-5 will reflect "Other" with the following explanation: "Reduction-in-force".

(ii) During your Notice Period, there may still be regulatory responsibilities on your behalf; therefore, please keep us informed of any event that would require a regulatory filing.

(k) If you are a Covered Employee under Citi's Employment Termination Notice and Nonsolicitation Policy, the terms of which are incorporated by reference, please consult the policy to determine the additional obligations that apply to you during your Notice Period. If you have any questions regarding these obligations, please contact Human Resources.

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 5

3. **Loan Obligations.**

Any outstanding loan, bonus advance, or similar obligation you may owe Citi in connection with your employment (individually and collectively, "Loan Obligation") shall be governed by the terms of your Advance Agreement, Promissory Note, Special Compensation Agreement, or other applicable loan documentation (the "Loan Documents"). If you have a Loan Obligation, you remain obligated to repay it in accordance with the terms of the Loan Documents unless you and Citi have otherwise agreed in writing. In the event of any conflict between this Agreement and the Loan Documents, the terms of the Loan Documents shall govern.

4. **Eligibility and Sufficiency.**

(a) Subject to the terms and conditions of this Agreement: (i) you must remain eligible under the Plan and comply with all Plan requirements and applicable policies in order to be eligible for the payments and benefits set forth in Paragraph 1 above; and (ii) you agree that if Citi discovers that you have engaged in any conduct Citi deems to be misconduct or in violation of its policies, including your failure to comply with your obligations pursuant to Paragraphs 8, 9(a), or 10 of this Agreement, Citi may immediately terminate your employment (Termination Date), cease any and all payments and benefits provided for in this Agreement, and seek other available remedies, whether at law or in equity.

(b) You acknowledge and agree that the payments and benefits set forth in Paragraph 1 above exceed the payments and benefits you are otherwise entitled to receive under the terms of any contract or your offer letter and constitute valuable consideration for your obligations under this Agreement.

5. **Release of Claims.**

(a) In exchange for the payments and benefits set forth above, you, on behalf of yourself, your agents, representatives, assignees, attorneys, heirs, executors, and administrators (collectively referred to as "Releasors"), release Citibank N.A., its predecessors, successors and assigns, and its and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, related business entities, (individually and collectively, "Citi"), and any employee benefit plan sponsored, administered or funded by Citi, and any and all fiduciaries, plan administrators, plan administration committees, and plan

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 6

representatives and insurers of all such employee benefit plans, and its and their current and former officers, directors, shareholders, employees, agents, attorneys, and representatives (individually and collectively, "Releasees") from any and all controversies, claims, demands, promises, actions, suits, grievances, proceedings, complaints, charges, liabilities, damages, debts, allowances, bonus, stock, stock options, costs, expenses, attorneys' fees, and remedies of any type ("Claims") which may be waived under applicable law that Releasors may have against Releasees by reason of any matter, cause, act, or omission, including, without limitation, those arising out of or in connection with your employment with and separation from Citi or your participation in any Citi employee benefit plan, up to the date you sign this Agreement (individually and collectively, "Released Claims"). This release applies to Claims that Releasors know about and those Releasors may not know about arising at any time up to the date you sign this Agreement. In addition you agree you will not bring or pursue any Released Claims against any Releasee or group of Releasees, whether on your own behalf in an individual capacity, or in a representative capacity on behalf of any employee benefit plan, or on behalf of any other person or entity of any kind, and you waive and release any right to recoup anything from any class or collective action involving a Released Claim against any Releasee of group of Releasees to the extent you are included as a member of a class.

(b) Released Claims include, but are not limited to, all Claims against the Releasees under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Rights Acts of 1866 and 1991, the Americans with Disabilities Act of 1990, claims for breach of any section of the Employee Retirement Income Security Act of 1974 (other than a claim under Section 502(a)(1)(B) of ERISA for the vested accrued benefit under any applicable pension or 401(k) plan), the Equal Pay Act of 1963, the Family and Medical Leave Act of 1993, the Older Workers Benefit Protection Act of 1990, the Occupational Safety and Health Act of 1970, WARN, and the Florida Civil Rights Act, as well as any other foreign, federal, state, or local statute, regulation, or common law regarding employment, employment discrimination, termination of employment, retaliation, equal opportunity or wage and hour. You specifically understand that you are releasing Claims based on age, race, color, sex, sexual orientation, gender identity or expression, marital status, religion, national origin, citizenship, military or veteran's status, disability, genetic characteristic, and all other legally protected categories.

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 7

(c) Released Claims also include all Claims against the Releasees for breach of contract, any tortious act or other civil wrong, attorneys' fees, and all compensation and benefit Claims including, without limitation, Claims concerning salary, bonus, and any awards, grants, or purchases under any discretionary incentive and retention compensation plan or program, including without limitation CAP or DCAP and separation pay under the Plan and any other separation pay plan maintained by Citi.

(d) Except as provided in Paragraph 14 herein, you hereby waive and release your right to, and agree not to accept, any monetary or other personal recovery from Citi or any of the Releasees on account of or as a remedy for your actual or alleged injury or damages, as a result of or in connection with any Released Claim in any forum, including federal, state, or local court or in arbitration, any administrative proceeding with any federal, state, or local administrative agency, or Citi's dispute resolution procedure.

(e) In addition, and for the avoidance of doubt, Released Claims include Claims arising at any time up to the date you sign this Agreement that have or could have been filed against Citi or the Releasees under any applicable dispute resolution procedure including any arbitration policy.

(f) Notwithstanding anything herein, you expressly reserve and do not waive or release (i) your rights under this Agreement, (ii) your rights to or in any individual account(s) in which you have personally invested funds, (iii) a claim under Section 502(a)(1)(B) of ERISA for your vested accrued benefit under any applicable pension or 401(k) plan, (iv) your vested rights to any currently outstanding unsettled awards under CAP or DCAP, which shall remain outstanding and shall be performed in accordance with and subject to all of their terms and conditions, including without limitation cancellation, clawback and amendment provisions; (v) Claims arising after the date you sign this Agreement, (vi) the rights, if any, you have to indemnification and advancement under applicable Citi entity governance documents or law, (vii) Claims relating to your continued eligibility for and receipt of disability benefits for any disability claim under the Citigroup Disability Plan that is open as of the Effective Date of this Agreement (as defined below), along with any related benefits (that were in effect at the time the disability leave commenced), and to the extent such claim extends beyond the Effective Date, and (viii) any Claims that by law may not be waived or released.

(g) Further, this Agreement does not limit or exclude the jurisdiction of any federal, state or local agency or self-regulatory organization. Accordingly, notwithstanding anything

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 8

herein, this Agreement is not intended to, and shall not be construed to, prevent you from filing a charge or other proceeding with, or participating in an investigation or other proceeding conducted by, any governmental agency, including without limitation the U.S. Equal Employment Opportunity Commission (the "EEOC") or applicable state or local fair employment practices ("FEP") agency. However, as stated in Paragraph 5(d) above, and except as provided in Paragraph 14 below, you understand and agree that you shall not be entitled to receive any monetary compensation from Citi or Releasees in such proceeding.

6.  **No Admission.**

    You are entering into this Agreement as a compromise and in full and final settlement of all disputed Claims, if any, you have or may have against Citi and the Releasees as of the date you sign this Agreement. This Agreement does not constitute an admission of any liability or wrongdoing by Citi or the Releasees, and Citi denies that it is responsible or legally obligated to you for any such Claims, or that it has engaged in any wrongdoing.

7.  **Representations.**

    As of the date you sign this Agreement, and:

    (a) Other than payments to be made pursuant to Paragraphs 1 and 2 above, you represent and warrant that (i) you have been paid all wages due and owing from Citi in accordance with the Fair Labor Standards Act and applicable state wage law(s), including, but not limited to, overtime, (ii) you have received any and all benefits for which you would be eligible under the Family and Medical Leave Act or state law equivalent, and (iii) you have received all other payments and benefits you are otherwise eligible to receive from Citi.

    (b) Subject to Paragraphs 5(g) and 14 of this Agreement, you represent and warrant that you have not filed, directly or indirectly, nor caused to be filed, any legal proceeding against Citi or the Releasees in any state or federal court or in arbitration, or any administrative proceeding with any local or state agency having jurisdiction over claims of employment discrimination, claims for past or future wages, salary, bonuses, stock, stock options or other forms of compensation or benefits, claims arising under CAP, DCAP, or any other issues concerning your employment, the terms and conditions of

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-A49E-05B878736200

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 9

your employment, and/or the separation of your employment from Citi.

(c) You represent and warrant that you have submitted all business-related expenses for reimbursement pursuant to Citi's Operating Expense Governance Policy, and that other than a Loan Obligation, you have no unpaid, outstanding debts due to Citi on your business credit card or for tax equalization (where applicable), wage overpayment, or the like. If there is an outstanding debt due to Citi (other than a Loan Obligation, repayment of which shall be governed by the Loan Documents as described in Paragraph 3 above), you agree to pay such debt immediately and, in the event you do not pay such debt prior to your Termination Date, you authorize Citi to deduct any amounts owed from the Separation Pay.

(d) If you are a current or former expatriate, you may be or may become obligated to make certain payments; please contact your HR Generalist to determine the obligations and requirements that apply to you.

8. **Post-Employment Restrictions and Obligations.**

(a) **Maintain Citi's Confidential Information.**

You acknowledge and agree that any confidential, secret and/or proprietary information regarding Citi, including any nonpublic information regarding Citi's business, products and services, methods, systems, and business plans, clients and vendors ("Confidential Information"), as well as Personal Information (as defined below) relating to or about Citi's current, former, and prospective employees is the exclusive property of Citi. You further acknowledge and agree that you have not disclosed or used, and have an ongoing obligation not to disclose or use, either directly or indirectly, any Confidential Information or Personal Information for any reason except as otherwise provided in Paragraphs 5(g) and/or 14 of this Agreement or as required by a statute, by a court of law, or by any government, regulatory, or self-regulatory agency having supervisory authority over the business of Citi with jurisdiction to order you to divulge, disclose or make accessible such information. You specifically represent that you have not previously disclosed any Confidential Information or Personal Information to any third party and have not forwarded or downloaded any Confidential Information or Personal Information to your home computer, your personal email address, your personal server, or to any third-party service provider, server or website.

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B878790200

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 10

For purposes of this Paragraph, "Personal Information" is any information that identifies or can be used to identify an individual or household (such as name, signature, address, unique national identifier such as social security number or resident registration number, date of birth, driver's license number); or relates to an individual and that might be sensitive (such as personal medical or health information, account number, or account value).

You understand and agree that nothing in this Paragraph 8(a) is intended to limit your rights under the National Labor Relations Act.

(b) **Notice to Citi.**

Except as to an inquiry by any government, regulatory, or self-regulatory agency or as otherwise provided by law or in Paragraphs 5(g) and/or 14 of this Agreement, prior to disclosure, you shall give notice to the Head of Legal for Human Resources, Citigroup Inc., 388 Greenwich Street, 17th Floor, New York, NY 10013, of any such request or demand for Confidential Information immediately upon your receipt of same, and shall reasonably cooperate with Citi in any application Citi may make seeking a protective order or barring disclosure of such Confidential Information.

(c) **Return of Citi Property.**

Except as otherwise provided by law or in Paragraphs 5(g) and/or 14 of this Agreement, you agree to return on or before your last day of work all Confidential Information and all other Citi property in your possession, custody or control, including all customer and client lists, and all books, records, documents and any other information in your possession which relates to Citi's customers or business. In addition, you agree to return on or before your last day of work all other Citi property in your possession, custody or control, including all equipment (including laptops and computers with applicable passwords), and any keys, access cards, and corporate credit and calling cards. Further, you will change your voicemail message as instructed.

(d) **Nonsolicitation.**

During your Notice Period and for the one-year period following your Termination Date, to the extent permitted by law, you agree that you will not (a) directly or indirectly solicit any Citi employee to leave the employment of Citi for the purpose of employment outside of Citi, regardless of whether the solicitation for employment

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B87879D200

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 11

originates from the Citi employee, or (b) directly or indirectly solicit any client of Citi whom you serviced or with whom you had substantial contact during your employment to terminate its relationship with Citi or to transfer assets away from or otherwise reduce its business with Citi.

9. **Confidential Agreement.**

   (a) Except as otherwise provided in Paragraphs 5(g) and/or 14 of this Agreement, and to the extent permitted by law, you hereby: (i) agree to keep the payments made under Paragraph 1 of this Agreement strictly confidential and not to disclose the existence or amount of such payments in any manner whatsoever, whether orally or in writing, whether directly or indirectly, to any person or entity other than your attorney, accountant, financial advisor, and spouse/domestic partner/partner by civil union (individually and collectively, "Covered Person"); and (ii) represent that neither you nor anyone acting on your behalf has previously made any such disclosure. In the event that a Covered Person engages in conduct that would breach this Paragraph, such conduct shall constitute a breach of this Paragraph just as if you had engaged in such conduct. You understand and agree that nothing in this Paragraph 9 shall be construed to limit your rights under the National Labor Relations Act.

   (b) Notwithstanding anything to the contrary in this Agreement, your obligation under Paragraph 9(a) of this Agreement does not apply to the tax structure or tax treatment of the transactions described in this Agreement, and you (or a Covered Person) may disclose, within the limitations of any law, the tax structure and tax treatment of these transactions and documents related to them (including opinions or other tax analysis).

   (c) This Paragraph 9 does not apply to sexual assault disputes or sexual harassment disputes that arise after the Effective Date of this Agreement.

10. **Non-Defamation.**

    Except as otherwise provided in Paragraphs 5(g) and/or 14 of this Agreement, and to the extent permitted by law, you agree: (i) not to defame Citi or the Releasees orally or in writing; (ii) that neither you nor anyone acting on your behalf will publish, post, or otherwise release any material in written or electronic format, make speeches, give interviews, or make public appearances that mention Citi's operations, clients, products, or services without the prior written consent of the General Counsel of Citigroup Inc.;

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA6E-05B878780200

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 12

and (iii) you acknowledge that you have not engaged in any of the conduct outlined in this Paragraph 10 since your receipt of this Agreement. You understand and agree that nothing in this Paragraph 10 shall be construed to limit your rights under the National Labor Relations Act.

11. **Reference Requests.**

You agree to direct all requests by prospective employers for employment verification information only to the person or entity designated by Citi. Currently, Citi's agent for this purpose is "The Work Number," where verification of your dates of employment with Citi, job title, and job classification can be obtained either via the web or via fax. Requests via the web should be directed to www.theworknumber.com, where this information can be viewed and printed. Telephone requests should be directed to (800) 367-2884; your social security number and Citi's code number, 24841, will be needed in order to obtain this information by same-day fax.

12. **Duty to Provide Information.**

(a) Except as otherwise provided by law or in Paragraphs 5(g), 12(c), and/or 14 of this Agreement: (i) you agree to reasonably provide information to Citi and its counsel with regard to any past, present or future legal, regulatory, governmental investigation, or other proceeding or matters, including any civil litigation, that relate to or arise out of the business you conducted on behalf of Citi; (ii) you represent that the information you have provided or will provide to Citi and its legal counsel in connection therewith is and will be complete and truthful; and (iii) you agree to cooperate with Citi to provide testimony, as may be reasonably requested by Citi, in connection with the aforementioned proceedings or matters.

(b) Citi will reimburse you for any reasonable out-of-pocket expenses incurred in connection with this Paragraph to the extent they are eligible for reimbursement under Citi's Expense Management Policy then in effect.

(c) Nothing in this Paragraph 12 shall be construed to limit in any way the provisions of Paragraph 14 of this Agreement, and the requirements of this Paragraph 12 shall not apply in any circumstances in which such requirements would have the effect of prohibiting or restricting you from providing evidence or other information to any government, regulatory, or self-regulatory agency.

01122026

Docusign Envelope ID: 6B2A2AE4-8398-48BD-AA6E-05B879790200

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 13

### 13. Other Employment or Assignment with Citi.

(a) If you accept a job with an Acquiring Company, a Chosen Outsource Organization or a Participating Company (*2) during your Notice Period, you will no longer be eligible for Separation Pay under the Plan and Citi's obligation to provide payments and benefits under this Agreement shall cease on the date such employment actually begins.

(b) If you accept a job with an Acquiring Company, a Chosen Outsource Organization or a Participating Company after your Termination Date but before the end of the period equal to the number of weeks in your Separation Pay Period as set forth in Paragraph 1(a), your Separation Pay will be prorated and you will be required to return to Citi the portion of the gross amount of the Separation Pay you received that is greater than the actual number of weeks/days you were unemployed by one of these entities.

The repayment amount will be calculated based on the number of weeks in the Separation Pay Period less the number of weeks and days that you were unemployed. For example, if you received 12 weeks of Separation Pay and started a new job with one of these above-described entities 4 weeks after your Termination Date, you would be required to repay 8/12th of the gross amount of the Separation Pay.

(c) Subject to Paragraph 13(d) below, you are not permitted to provide services to a Participating Company, an Acquiring Company or a Chosen Outsource Organization, either directly or indirectly, as a consultant, independent contractor, temporary worker, or in any like remunerative capacity during the Notice and Separation Pay Periods.

(d) Nothing herein shall render you ineligible for the payments and benefits set forth in this Agreement if you accept employment with a Citi vendor during the Notice or Separation Pay Periods, provided that (i) your job duties for such vendor do not include working for Citi as a temporary worker or consultant, and/or (ii) a Citi employee does not manage the manner and method of your work, or (iii) if authorized in writing by Citi's Director of Employee Relations.

### 14. Disclosure of Information to Government, Regulatory or Self-Regulatory Agency and Other Permitted Disclosures.

(a) Nothing contained in this Agreement is intended to prohibit or restrict you or Citi from providing evidence or other information to any government, regulatory, or self-regulatory agency such as (without limitation) the Securities and Exchange Commission

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 14

("SEC"), the Commodity Futures Trading Commission ("CFTC"), the Department of Justice ("DOJ"), the Financial Industry Regulatory Authority, Inc. ("FINRA"), the National Labor Relations Board ("NLRB"), the New York Stock Exchange, Inc. ("NYSE"), or the EEOC, or from responding to any court order or subpoena, or from participating in any reward program offered by any government, regulatory, or self-regulatory agency. You may also disclose confidential information, including trade secrets, to (a) any government, regulatory, or self-regulatory agency, including under Section 21F of the Securities and Exchange Act of 1934, Section 23 of the Commodity Exchange Act of 1936, or Section 7 of the Defend Trade Secrets Act of 2016 ("Defend Trade Secrets Act"), and the rules thereunder, or (b) an attorney in connection with the reporting or investigation of a suspected violation of law, or to an attorney or in a court filing under seal in connection with a retaliation or other lawsuit or proceeding, as permitted under the Defend Trade Secrets Act.

You do not need the prior authorization of Citi to make these disclosures or provide evidence or other information to any government, regulatory, or self-regulatory agency, and you are not required to notify Citi that you have done so.

The disclosures permitted under this Paragraph 14(a) are intended for regulatory and/or law enforcement purposes. It does not permit disclosure for commercial or competitive purposes of any confidential information, including trade secrets, to government owned, related or sponsored agencies, entities or enterprises that compete directly or indirectly with Citi and its businesses.

(b) Further, you may disclose the terms of this Agreement if necessary in any action to enforce this Agreement. Except with regard to an inquiry by or other disclosure to any government, regulatory, or self-regulatory agency as provided in Paragraph 14(a) above, you will promptly give notice of any attempt to compel disclosure of the terms of this Agreement to the Head of Legal for Human Resources, Citigroup Inc., at the address in Paragraph 8(b) above, as soon as possible and at least five days before compliance is required.

(c) For the avoidance of doubt, nothing in this Agreement is intended to prohibit, prevent, or otherwise restrict you from testifying in an administrative, legislative, or judicial proceeding (including those concerning alleged criminal conduct or alleged sexual harassment) when you have been required or requested to attend such proceeding pursuant to a court order, subpoena, or written request from an administrative agency or

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-A7BE-05B878790200

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 15

the legislature.

(d) Further, nothing in this Agreement (including but not limited to the provisions set forth in Paragraphs 9 and 10 above) shall prohibit, or be construed to prohibit, you from making any disclosures which are otherwise permitted by applicable federal, state or local law.

15. **Enforceability.**

(a) This Agreement shall be governed by the laws of the State of Florida (regardless of conflict of laws principles) as to all matters including, without limitation, validity, construction, effect, performance, and remedies.

(b) The invalidity or unenforceability of any provision of this Agreement shall have no effect upon and shall not impair the validity or enforceability of any other provision of this Agreement, or of this Agreement in its entirety in any other jurisdiction. You and Citi agree that if any provision herein is found to be invalid or unenforceable by a court of competent jurisdiction, you and Citi will request that the court revise the provision to come closest to the meaning intended and the provision will be enforced as rewritten without affecting any other provision of this Agreement. To the extent it may be necessary, you agree to cooperate with Citi and its attorneys in seeking any regulatory, governmental or court approval of the terms of this Agreement in order to ensure that it is fully enforceable as written.

16. **Arbitration.**

You and Citi agree that any and all disputes arising out of or relating in any way to the validity, interpretation, or enforcement of this Agreement, other than injunctive relief and disputes which by statute are not arbitrable, shall be resolved through binding arbitration pursuant to the applicable arbitration policy/agreement in effect as of your Termination Date. The decision of the arbitrator(s) will be final and binding. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Each party will bear its own attorneys' fees and expenses in arbitration except, and only to the extent required by applicable statute, as may be awarded in arbitration. Nothing contained herein shall limit your or Citi's right to obtain injunctive relief in a court of law in aid of arbitration.

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B87879022D0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 16

17. **Payment/Modification by Citi.**

    (a) (i) You acknowledge and agree that you and Citi intend for this Agreement to be administered in accordance with Section 409A of the Internal Revenue Code of 1986, as amended (the "Code"), and the Treasury pronouncements relating thereto. You further agree that this Agreement may be amended by Citi to the extent necessary in Citi's judgment to comply with the Code, and any rules, regulations and Treasury pronouncements relating thereto in order to preserve the payments and benefits provided herein without additional cost to Citi. In no event shall Citi be liable for any Section 409A additional tax, penalties or interest, or for any damages, as a result of any amendment of or failure to amend this Agreement.

    (ii) Except as otherwise provided herein, payments made to you pursuant to Paragraph 1 of this Agreement will be made as soon as practical following the later of the end of your Notice Period or the Effective Date of this Agreement, but in no event later than March 15 of the calendar year following the calendar year in which your Notice Period commenced.

    (b) Separation benefits are determined in accordance with the Plan. In the event of a discrepancy between the Separation Pay described herein, and Plan benefits calculated in accordance with the Plan, then the Plan shall govern, and this Agreement shall be modified accordingly.

    (c) Payments made pursuant to this Agreement ("Payments") will also be administered in accordance with Citi's Accountability Framework Procedure ("Accountability Framework"): if you receive a disciplinary action of any kind - which actions are described in more detail in the Accountability Framework - the Payments, or any of them, may be delayed and/or impacted negatively as set forth in the Accountability Framework.

18. **Breach of this Agreement.**

    You acknowledge and agree that Citi's remedies at law for a breach or threatened breach of any of the provisions of Paragraphs 8, 9(a), or 10 of this Agreement would be inadequate and, therefore, in addition to any remedies at law or under the terms of the applicable benefit or equity plans, Citi, without posting any bond, shall be entitled to obtain equitable relief in the form of specific performance, temporary restraining order,

01122026

DocuSign Envelope ID: 6D2A2AE4-8898-48BD-AA9E-05B87879802C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 17

temporary or permanent injunction, or any other equitable remedy which may then be available. Further, as a prevailing party, Citi shall be entitled to receive payment for all attorneys' fees and expenses incurred in connection with enforcing its rights under this Paragraph.

19. **Knowing and Voluntary Agreement.**

You acknowledge that (a) you have read and understand each of the provisions of this Agreement; (b) you have been provided with consideration of value in exchange for your execution of this Agreement; (c) you are hereby advised to consult with an attorney prior to signing this Agreement; (d) you have been provided with a period of 45 days from your receipt of this Agreement to review it and to consider your decision to sign it (the "Review Period"), although you may return it to the undersigned prior to that time if you desire, provided you have ceased performing your current job duties; (e) you are entering into this Agreement knowingly, deliberately and voluntarily, with full knowledge of what it means; and (f) this Agreement is not intended to be a waiver of Claims arising after the date you sign this Agreement.

20. **Revocation and Expiration of this Agreement.**

(b) Your failure to sign and return this Agreement to the undersigned by the close of business on the later of (i) your last day of work or (ii) the next business day following the last day of the Review Period described in Paragraph 19 of this Agreement will cause this offer to expire. In any event, this Agreement may not be signed until you cease performing your current job duties.

21. **Other Terms and Conditions.**

(a) This Agreement sets forth the entire agreement and understanding relating to your employment with and separation from Citi, and supersedes all prior discussions, negotiations, and agreements with respect to the subjects contained herein, except for the Plan, any Loan Document, and all applicable benefit plans, discretionary incentive and retention compensation plans or programs and limited partnerships or other employee investment plans. In entering into this Agreement, you acknowledge and agree that you are not relying on any representations by Citi or any other Releasees other than those expressly contained in this Agreement.

01122026

Docusign Envelope ID: 6D2A2AE48898-4BBD-7A9E-05B87873D2C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 18

(b) Except as provided in Paragraph 17 above, no amendment or modification to this Agreement shall be valid unless made in a separate writing and signed by you and a duly authorized representative of Citi. Any handwritten comments, inserts or interlineations of this Agreement will not be accepted under any circumstances and shall render this Agreement null and void.

(c) The section headings appearing in this Agreement are used for convenience of reference only and shall not be considered a part of this Agreement nor be construed in any way to modify, amend or affect the meaning of any of its provisions.

22. **OWBPA Compliance.**

In accordance with the Older Workers Benefit Protection Act, Exhibit A lists the job titles and ages of the employees in the decisional unit who were selected, and who were not selected, for the termination program described therein.

01122026

Docusign Envelope ID: 6D2A2AE43898-46BD-7A9E-05B8787902C0

Ms. Yuliya Glazman
1000206004
March 06, 2026
Page 19

*1. MSRB Rule G-37 on Political Contributions imposes restrictions on a municipal financial professional's ability to make or solicit certain political contributions to state or to local issuer officials, candidates running for state or local office or state or local issuer officials running for federal office. Rule G-37 also imposes reporting obligations on a broker-dealer whose municipal finance professionals make contributions to state or local political parties. If you are a municipal finance professional, these restrictions and reporting obligations apply through the end of the Notice Period (including any notice period under the Employment Termination Notice Policy), and you are required to continue to pre-clear your political contributions through the end of that period. If you have any questions regarding this matter, please contact the Compliance Department-Political Activities at (866) 748-4615.

*2. As defined in the Plan: An "Acquiring Company" means any entity directly or indirectly acquiring your employer, and shall also include any entity directly or indirectly acquiring all or part of the assets of any one or more of the Participating Companies. A "Chosen Outsource Organization" means a person or entity to which a Participating Company has outsourced a business or function or portion thereof that employed you, and in each case shall be limited to such business or function. A "Participating Company" is Citigroup Inc. and any subsidiary or affiliate in which it has at least a 50% direct or indirect ownership interest.

Citibank N.A.

On behalf of
Sandrina Wilson    _Signed by:_ Karl Bane    4/7/2026
                    7F6277DE0F7F413...

Human Resources Officer                    Date
Name: Sandrina Wilson
Title: HR Generalist Lead - C13

**For all payroll, benefits and other HR related inquiries, please contact ConnectOne at (800) 881-3938.**

Attachment: Exhibit A

**BY SIGNING THIS AGREEMENT, YOU GIVE UP AND WAIVE LEGAL RIGHTS.**

**YOU ARE HEREBY ADVISED BY CITI TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT AND UNDERSTAND ALL OF ITS TERMS. YOU SIGN AND ENTER THIS AGREEMENT KNOWINGLY, DELIBERATELY AND VOLUNTARILY, WITH FULL KNOWLEDGE OF WHAT IT MEANS.**

_____        _____
Yuliya Glazman                          Date

01122026

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0



OWBPA (EXHIBIT A)

1. The decisional unit is those employees who are a part of the Business Execution & Chief of Staff team located in the sites identified on the attached appendix ("Decisional Unit").

2. Employees in the Decisional Unit who are eligible for the termination program were notified of the termination of their employment on or after March 4, 2026, and will begin a formal notice period on or after March 9, 2026. Selection for applicable employees was made through the elimination of single incumbent positions. Eligibility to participate in the termination program is subject to the terms of the applicable separation pay plan.

3. Employees who are 40 years of age and over and who are being offered consideration under a separation agreement and general release ("Agreement") waiving Claims (as defined in the attached Agreement), including but not limited to Claims under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act, as amended, shall have 45 days after receiving the Agreement and this Exhibit A to consider the terms of the Agreement and the information contained herein, sign the Agreement, and return it. All employees who are under the age of 40 shall have 21 days after receiving the Agreement to consider the terms of the Agreement, sign it and return it.

4. Once an employee has signed the Agreement, the employee has 7 days to revoke the Agreement (or any such longer period required by state law, as specified in their separation agreement) by delivering a written notice of revocation to SVP, HRBP Ops - Services Elizabeth Cate at elizabeth.cate@citi.com, 3800 Citigroup Center Drive, within the 7-day revocation period.

5. Listed in Appendix A, attached, is the location, job titles and ages of employees in the Decisional Unit who were selected for the Program, who were selected but obtained other positions, and who were not selected:

Docusign Envelope ID: 6D2A2AE4-8398-48BD-AA9E-05B8787302C0



**OWBPA REPORT**

| Work City | Work State | Job Title | *Age | Selected | Not Selected | Re-deployed |
|---|---|---|---|---|---|---|
| COLUMBUS | OH | Business Sr. Lead Analyst - C14 | 43 | | X | |
| JACKSONVILLE | FL | Sr Business Associate - C13 | 52 | | X | |
| JACKSONVILLE | FL | Sr Business Associate - C13 | 38 | | X | |
| JACKSONVILLE | FL | Sr Business Unit Group Manager - C15 | 59 | | X | |
| JERSEY CITY | NJ | Business Unit Group Manager - C14 | 44 | | X | |
| JERSEY CITY | NJ | Sr Business Associate - C13 | 50 | X | | |
| JERSEY CITY | NJ | Sr Business Associate - C13 | 36 | | X | |
| NEW CASTLE | DE | Business Unit Manager - C14 | 57 | | X | |
| NEW CASTLE | DE | Sr Business Unit Group Manager - C15 | 45 | X | | |
| NEW YORK | NY | Business Unit Manager - C14 | 35 | | X | |
| NEW YORK | NY | Business Unit Manager - C14 | 35 | | X | |
| NEW YORK | NY | Management Analyst 2 - C11 | 23 | | X | |
| NEW YORK | NY | Senior Executive Assistant - A05 | 56 | | X | |
| NEW YORK | NY | Sr Business Analyst - C11 | 26 | X | | |
| NEW YORK | NY | Sr Business Associate - C13 | 30 | X | | |
| NEW YORK | NY | Sr Business Unit Group Manager - C15 | 47 | | X | |
| TAMPA | FL | Business Associate - C12 | 63 | | X | |
| TAMPA | FL | Business Associate - C12 | 49 | X | | |
| TAMPA | FL | Business Associate - C12 | 59 | | X | |
| TAMPA | FL | Business Associate - C12 | 33 | | X | |
| TAMPA | FL | Business Unit Group Manager - C14 | 54 | X | | |
| TAMPA | FL | Business Unit Group Manager - C14 | 50 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 49 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 51 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 57 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 56 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 58 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 52 | | X | |
| TAMPA | FL | Business Unit Manager - C14 | 39 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 54 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 40 | X | | |
| TAMPA | FL | Sr Business Associate - C13 | 63 | X | | |
| TAMPA | FL | Sr Business Associate - C13 | 43 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 35 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 45 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 51 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 49 | | X | |
| TAMPA | FL | Sr Business Associate - C13 | 59 | | X | |
| TAMPA | FL | Sr Business Unit Group Manager - C15 | 52 | | X | |
| TAMPA | FL | Sr Business Unit Group Manager - C15 | 52 | | X | |
| UNIONDALE | NY | Business Unit Group Manager - C14 | 61 | | X | |

*Age calculated as of the end of notice period (termination date) for this action