**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

      **Plaintiff,**

**v.**                         **Case No. 8:26-CV-01522-TPB-AEP**

**CITIGROUP, INC., and**
**CITIBANK, N.A.**

      **Defendants.**

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants, Citigroup, Inc.[1] and Citibank, N.A., (hereinafter, collectively "Citi"), by and through their undersigned counsel, respond in opposition to Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (the "Motion") D.E. 34, 34-1. In support of this Motion, Citi states as follows:

**PRELIMINARY STATEMENT**

Plaintiff was recently separated from her employment with Citibank, N.A., when her position was eliminated in a company-wide reorganization. During her employment, Plaintiff entered into a valid and binding agreement to submit all covered disputes to binding arbitration administered by AAA.

---

[1] Plaintiff was employed only by Citibank, N.A. and has incorrectly filed suit against Citigroup, Inc.

Despite the Parties' arbitration agreement, Plaintiff seeks to bypass her arbitration obligations by filing this lawsuit and attempting to amend it twice. Her only avenue to avoid her contractual obligation to arbitrate her disputes is to manipulate the English language to magically turn a disparate treatment claim into a sexual harassment claim. Defendants have already twice moved to Dismiss and Compel Arbitration. Plaintiff should not be permitted to file her proposed Second Amended Complaint (the "Proposed Complaint") because it would be futile in this Court. Plaintiff reasserts her existing arbitrable claims of disparate treatment and asserts new facts and retaliation claims all of which are subject to her arbitration agreement. Docs. 34, 34-1.

Without addressing the merits of Plaintiff's claims,[2] Plaintiff's Motion should be denied for several procedural reasons. First, all claims asserted in Plaintiff's Proposed Complaint are subject to the Parties' existing arbitration agreement and are not exempt by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). Second, Plaintiff's Proposed

---

[2] Citi files this response in opposition as part of its continued effort to *enforce* the Parties' agreement to arbitration and by no means waives the right arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation); *see Davis v. White*, 795 F. App'x 764, 769 (11th Cir. 2020) (internal citations omitted) ("Motions to dismiss may not be inconsistent with an agreement to arbitrate where the party seeks dismissal on non-merits grounds."). Plaintiff, on the other hand, waived her right to litigate this matter by agreeing to arbitration during her employment with Citibank, N.A.

Complaint should be stricken because she knowingly disclosed inadmissible information related to confidential settlement discussions made under Rule 408 of the Federal Rules of Evidence.

Accordingly, the Court should deny Plaintiff's Motion, strike all references to the Parties' settlement communications, stay the case pending an outcome in arbitration and award Citi its reasonable attorney's fees incurred in responding to this frivolous Motion.

## PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit against Citigroup, Inc. on March 16, 2026, asserting claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), age discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), pay discrimination and retaliation claims under the Equal Pay Act of 1963 ("EPA"), retaliation claims under the Fair Labor Standards Act ("FLSA"), discrimination and retaliation claims under the Florida Civil Rights Act ("FCRA"), and whistleblower claims under the Florida Private Whistleblower Act. Doc. 1, 1 at 11-20.

Citi moved to dismiss this action and to compel arbitration on April 8, 2026, because *all* of Plaintiff's claims are subject to an arbitration agreement between the Parties and despite her "election," her claims are not exempted from arbitration under the EFAA. Doc. 10.

3

Plaintiff filed her First Amended Complaint (Doc. 22) on April 23, 2026, adding Citibank, N.A. as a co-defendant; reasserting her existing arbitrable claims; and continuing to erroneously allege that her claims are exempt from arbitration under the EFAA. *Id.*, ¶5. Citi, again, moved to dismiss and to compel arbitration on May 5, 2026. Doc. 29, 29-1. Again, Citi argued that all of Plaintiff's claims in the First Amended Complaint (Doc. 22) are subject to an enforceable arbitration agreement between the Parties dated July 3, 2025, and that her claims, alleging disparate treatment based on sex (in pay and assignments) and age and retaliation, are not exempted by the EFAA. Doc. 29. Citi also argued that Plaintiff's count for a "hostile work environment" in her First Amended Complaint (Doc. 22, Count I) (and in the Proposed Complaint) does not plausibly allege sexual harassment to invoke the EFAA. Her claim started as, and is still, a disparate treatment claim based on gender. Doc. 29, pp. 7-12.

On May 14, 2026, Plaintiff informed Citi she intended to move for leave to file her Proposed Complaint and provided Citi with copies. Citi immediately objected to her filing the Proposed Complaint because in addition to it being subject to arbitration, the Proposed Complaint referenced confidential settlement communications Citi made to Plaintiff pursuant to Rule 408 of the Federal Rules of Evidence and that she must not include those in her Proposed Complaint.

Despite Defendants' objections, Plaintiff filed her Motion and Proposed

4

Complaint (Doc. 34, 34-1), which includes references to the Parties' confidential settlement communications on May 18, 2026, and which reasserts the original arbitrable claims and new arbitrable claims of retaliation. Doc. 34-1, Section O, ¶¶77-94, 124, 129, 134-135, 154, 159. Every claim in the Amended Complaint and Proposed Complaint is subject to arbitration. *Compare* Doc. 34, 34-1 and Doc. 29-1, ¶4. Her frivolous efforts to avoid arbitration have resulted in Citi responding to several unnecessary motions by Plaintiff, preparing two Motions to Dismiss and preparing this Response. Citi asks the Court to deny Plaintiff's motion and allow the parties to litigate the merits in the forum they contractually agreed to, arbitration.

## FACTUAL BACKGROUND

Plaintiff is a former employee of Citibank, N.A. On July 3, 2025, Plaintiff acknowledged receipt of the 2025 U.S. Citi Handbook. In pertinent part, Plaintiff's "2025 U.S. Employee Handbook Acknowledgment" ("Acknowledgement"), states:

> I UNDERSTAND THAT BY ACKNOWLEDGING RECEIPT OF THE 2025 U.S. HANDBOOK AND THE EMPLOYMENT ARBITRATION POLICY, I AM WAIVING ANY RIGHT I MAY HAVE UNDER THE LAW TO BRING EMPLOYMENT-RELATED DISPUTES, WHETHER INITIATED BY ME OR BY CITI, IN FEDERAL OR STATE COURT, OR TO HAVE ANY EMPLOYMENT-RELATED DISPUTE HEARD BY A JURY. I UNDERSTAND THAT THIS WAIVER OF RIGHTS COVERS ALL TYPES OF EMPLOYMENT- RELATED DISPUTES AS DESCRIBED IN THE ARBITRATION POLICY. I UNDERSTAND THAT I WILL INSTEAD BE

REQUIRED TO SUBMIT ALL SUCH EMPLOYMENT-RELATED DISPUTES FOR FINAL AND BINDING DECISION BY AN ARBITRATOR.

WITH THE EXCEPTION OF THE EMPLOYMENT ARBITRATION POLICY, WHICH IS A STANDALONE AGREEMENT CONTAINED IN APPENDIX A, AND IS A BINDING CONTRACT REQUIRING ME TO ARBITRATE ALL EMPLOYMENT- RELATED DISPUTES, I UNDERSTAND THAT NOTHING CONTAINED IN THIS HANDBOOK, NOR THE HANDBOOK ITSELF, IS CONSIDERED A CONTRACT OF EMPLOYMENT. . .

D.E. 29-1, ¶6.

Plaintiff also acknowledged in writing that she was obliged to carefully review the Handbook and that she agreed to submit to arbitration in the event of an employment-related dispute, as stated below:

> **I understand that appended to this Handbook is an Employment Arbitration Policy that requires me and Citi to submit employment-related disputes to binding arbitration** (see Appendix A). **I understand that it's my obligation to read these documents carefully.** I also understand that no provision in this Handbook or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of my or Citi's right to compel arbitration of employment-related disputes.

*Id.*

"The Employment Arbitration Policy," Appendix A (the "Arbitration Policy"), is governed by the Federal Arbitration Act (Title 9 U.S.C.) ("FAA"). Relevant here, the "Scope of Policy" establishes:

> This Employment Arbitration Policy applies to both [Plaintiff] and to Citi, and makes arbitration the required and exclusive forum for the resolution of all covered employment-related disputes (i.e., other than disputes which are expressly excluded from this Policy as described below) between you and Citi (including Citi's predecessors, successors and assigns, its current, former, and future parents, subsidiaries and affiliates and its and their current, former, and future officers, directors, employees and agents).

> However, this Policy doesn't create a legal claim where one does not otherwise exist under law. Therefore, by acknowledging receipt of this Policy and/or continuing your employment with Citi after this Policy is distributed, you are accepting the Policy and waiving any legal right you may have to bring your employment-related disputes in court and/or to have your disputes heard by a jury.

*Id.* at ¶4.

The Arbitration Policy, agreed to by Plaintiff with proper consideration, outlines the type of "disputes" subject to the Policy, as follows:

> Subject to the remainder of this Section, these disputes include, without limitation, claims, demands or actions under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act, and all amendments thereto, and any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation, or any claims arising under or related to the Citigroup Separation Pay Plan.

*Id.* at ¶4.

## ARGUMENT

**I.    Plaintiff's Motion Should Be Denied As Futile Because Plaintiff Agreed to Litigate her Disputes in Arbitration.**

### A. Legal Standard

Rule 15(a), Federal Rules of Civil Procedure, states that, after a responsive pleading has been served, a party "may amend the party's pleading

only by leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a). The decision to grant or deny leave to amend lies within the sound discretion of the district court. *See Morrison v. McNeil*, No. 5:08-cv-253, 2009 U.S. Dist. LEXIS 85561, at *29 (N.D. Fla. Sept. 17, 2009) (noting that despite the liberal amendment standard, leave to amend "is by no means guaranteed"); *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 509 (M.D. Fla. 1994) ("leave to amend . . . is by no means automatic").

Leave to amend should be denied when the amendment would be futile. *See Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile when the proposed amended complaint "would not survive a motion to dismiss." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011). Here, Plaintiff's proposed amendments do not alter the inescapable conclusions that her claims must be arbitrated and that the EFAA is not applicable to her disparate treatment claim. All of her original and newly proposed claims fall expressly within the Parties' existing arbitration agreement. Accordingly, allowing Plaintiff leave to file her Proposed Complaint when it will also be subject to arbitration would be futile.

**B. Plaintiff's Proposed Complaint Does Not Assert a Plausible Claim for Sexual Harassment That Exempts Arbitration Under the EFAA.**

Similar to her First Amended Complaint, Plaintiff's Proposed Complaint asserts her "elect[ion]" to void her arbitration agreement under the EFAA but fails to allege any *plausible* allegations of sexual harassment to invoke exemption under the EFAA. Plaintiff's Proposed Complaint does not cure this deficiency[3] and does demonstrate that exemption from arbitration under the EFAA is warranted in this case, as Plaintiff again fails to assert a *plausible* claim of sexual harassment or sexual assault.

The EFAA provides in pertinent part, that "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, ... no predispute arbitration agreement ... shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Under the EFAA, a "sexual harassment dispute" is one "relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal or State law." 9 U.S.C. § 401(4). The invoking party must plead a *plausible* sexual

---

[3]"A court should deny leave to amend when a plaintiff repeatedly has failed to cure deficiencies through amendment." *See Schooley v. Option One Mortg. Corp.*, No. 5:21 cv 219 AW/MJF, 2022 U.S. Dist. LEXIS 180579, at *15 (N.D. Fla. Sept. 7, 2022) (citing *Blackburn v. Shire US Inc*, 18 F.4th 1310, 1317-18 (11th Cir. 2021)). This principle is firmly established in Eleventh Circuit precedent, which recognizes that "[r]epeated failures to cure deficiencies can serve as an independent ground for denying leave to amend a complaint." *Estate of Hand v. Fla. Dep't of Corr.*, No. 21 11542, 2023 U.S. App. LEXIS 328, at *24 (11th Cir. Jan. 6, 2023) (citing *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999)).

harassment claim pursuant to federal pleading standards. *See Mitchell v. Raymond James & Assocs., Inc.*, No. 8:23-cv-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 151960, at *13 (M.D. Fla. Aug. 23, 2024) (plaintiff did not state a plausible claim of sexual harassment under the EFAA and recommending district court grant defendant's motion to compel arbitration"); *see Mitchell v. Raymond James & Assocs., Inc.*, No. 8:23-cv-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 170856, at *6 (M.D. Fla. Sep. 23, 2024) (granting defendant's motion to compel arbitration).

Plaintiff has not pled a single fact supporting a plausible claim of sexual harassment under Title VII (or the Florida Civil Rights Act) because her allegations do not reference any harassment whatsoever, let alone satisfy the objective threshold to show that a reasonable person would find the alleged actions hostile or abusive.[4] *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). Plaintiff's Proposed Complaint does not contain any facts demonstrating any

---

[4] To state a sexual harassment/hostile work environment claim under Title VII, a plaintiff must establish that: (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected group; (4) the harassment was sufficiently severe or pervasive to alter the terms of her employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of direct or vicarious liability. *See Miller*, 277 F.3d at 1275; *Jones v. Spherion Atlantic Enterp., LLC*, 493 F. App'x 6, 9 (11th Cir. 2012). This legal analysis consists of both a subjective and an objective component to determine whether the conduct is "severe or pervasive." *See Bryant v. Jones*, 575 F.3d 1281, 1297 (11th Cir. 2009). A hostile work environment only exists where the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently pervasive or severe to alter the conditions of the victim's employment and create an abusive working environment. *See Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 291 (S.D. Fla. 1997) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993)).

element of a sexual harassment claim. Doc. 34-1, ¶¶95-112. Aside from Plaintiff's

self-serving title, "Count I  Hostile Work Environment Based on Sex," Plaintiff

does not allege *facts* that she was *harassed* because of her sex by Defendants or that

Defendants' actions were sexually motivated. *Id.*; *see Benoit*, 960 F. Supp. 287, 291

(S.D. Fla. 1997) ("Here, no plaintiff pleads facts to show that she has suffered

actionable sexual harassment or that she has been subjected to a legally cognizable

hostile environment."). Instead, Plaintiff alleges she was subjected to *pay*

*discrimination*, disparate working conditions in the form of assignments that her

male colleagues were not assigned,[5] and that she was denied a position in favor

of a male candidate. *See White v. Atlanta Indep. Sch. Sys.*, No. 1:21-cv-02614-JPB-

RGV, 2021 U.S. Dist. LEXIS 271175, at *15-16 (N.D. Ga. Dec. 1, 2021) (noting the

"important distinctions depending on whether a plaintiff is claiming disparate

treatment or hostile work environment under Title VII" including that "a plaintiff

claiming a hostile environment must identify offensive conduct based on sex that

was sufficiently severe or pervasive to alter the conditions of the victim's

employment and create and abusive working environment."); *see also Usai v. Club*

---

[5] In support of her Opposition to Defendants' Motion to Dismiss First Amended Complaint and Compel Arbitration (Doc. 39, p.4), Plaintiff asserts that three incidents of correcting the work of her male colleagues over a nine-month period satisfies the pervasive requirement of her *prima facie* case. Even if these trivial events constituted harassment *based on her sex* (which they do not), they are too infrequent and isolated to satisfy the pervasiveness component of her argument. *See Stancombe v. New Process Steel LP*, 652 F. App'x 729 (11th Cir. 2016) (two incidents of inappropriate *physical* contact by a coworker over a one-month period did not satisfy the severe and pervasive element).

*Mgmt. Mia. II LLC*, 801 F. Supp. 3d 1295, 1323 (S.D. Fla. 2025) (noting "all sexual hostile environment cases decided by the Supreme Court have involved patterns or allegations of extensive, long lasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiff' work environment."). Her new claim alleging Citi selected a male instead of her for a position to which she applied is also not a claim of sexual harassment. She includes no facts suggesting that the selection or selection process included severe or pervasive conduct towards her *because of* her sex. Doc. 34-1, ¶111. Plaintiff's hostile work environment claim is futile, the EFAA does not apply, and Plaintiff should be estopped from continuing to waste the Court's time and resources and Defendants' funds responding to frivolous motions.

### C. Plaintiff's New Retaliation Claims are Subject to the Parties' Arbitration Agreement.

Plaintiff's Proposed Complaint expands on her existing causes of action of retaliation under the Equal Pay Act ("EPA"), the Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act ("Title VII"), and the Florida Private Whistleblower Act ("FWA"), and alleges that Citi retaliated against her by denying her a position to which she applied after she filed this lawsuit. Doc. 34-1, ¶¶76-94, 124, 129, 134-135, 154, 159. These additional factual allegations and retaliation claims are all arbitrable and expressly covered by the Parties'

arbitration agreement. *Compare* Doc. 34-1, ¶¶76-94, 124, 129, 134-135, 154, 159 and Doc. 29-1, ¶4.

The Parties' arbitration agreement expressly covers "claims, demands or actions under Title VII of the Civil Rights Act of 1964. . . the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, and any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation." *Id.*

Every retaliation claim asserted in the Proposed Complaint, including the proposed new retaliation allegations and claims based on Citi's alleged post-filing conduct, falls squarely within the scope of the Arbitration Policy. *Compare* Doc. 29-1, ¶4 and Doc. 34-1, ¶¶76-94, 124, 129, 134-135, 154, 159. As reflected in the arbitration agreement, the Parties agreed to binding arbitration for any and all claims arising under Title VII, the FLSA, the EPA, and any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation. Doc. 29-1, ¶4 Ex. A. All claims asserted in the Proposed Complaint fall under one of these categories and, accordingly, must be arbitrated.

**II.    Plaintiff's Proposed Amendments Are Futile and Should be Stricken Because She Relies on Inadmissible Settlement Communications in Violation of Rule 408 of the Federal Rules of Evidence.**

Plaintiff's Proposed Complaint contains facts premised on the content and terms of separation instruments tendered by Citi to Plaintiff. Doc. 34-1, Section O, pp. 20-24. Plaintiff alleges that the terms of a separation agreement delivered on April 7, 2026, and a revised separation agreement delivered by the undersigned in an effort to resolve her claims on May 11, 2026, constitute retaliatory acts under the Equal Pay Act, the FLSA, Title VII, and the FWA. Citi's attorney specifically sent Plaintiff the May 11, 2026, correspondence and agreement under a FRE 408 privilege.

Federal Rule of Evidence 408 provides that evidence of "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim" is not admissible to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Rule 408 also excludes "conduct or a statement made during compromise negotiations about the claim." *Id.*

Plaintiff acknowledges in her Proposed Complaint that the separation instruments on which she relies were tendered while this action was pending. Doc. 1, Doc. 34-1, Section O. They constitute offers of compromise of disputed claims because they offered Plaintiff consideration in exchange for the dismissal of this

14

action with prejudice. *Id.* Several factual allegations supporting Plaintiff's proposed new retaliation claims should be stricken from the docket because they are inadmissible settlement communications and for that reason alone, her proposed amendments relying on those inadmissible settlement communications are futile.

Plaintiff intentionally disregarded the Federal Rules of Evidence. Citi's counsel expressly cautioned Plaintiff that she must not disclose confidential settlement negotiations to anyone, and certainly not in a public filing before she filed this Motion. Plaintiff ignored the Federal Rules of Evidence and Citi's concerns and filed it anyway. Plaintiff cannot rely on her *pro se* status to justify her actions given Citi's express written warnings to her and the assistance she appears to be receiving from someone or an Artificial Intelligence platform. The Court should strike all references to the Parties' confidential settlement discussions in Plaintiff's Motion and Proposed Complaint.

### III.   Plaintiff Should Pay Citi's Reasonable Attorney's Fees Incurred in Responding to this Motion.

Plaintiff's Motion appears to be another attempt to delay the Court's inevitable ruling on Defendants' Motion to Dismiss and Compel Arbitration (Doc. 22) and prejudice Citi. Plaintiff's proposed amendments do not remedy the deficiencies in her prior pleadings. Worse, Plaintiff impermissibly discloses

confidential settlement communications under the guise of new acts of retaliation knowing that the information is inadmissible.

Plaintiff specifically stated in her Motion (Doc. 34, p.3) that she wanted to avoid responding to Citi's Motion to Dismiss and Compel Arbitration. Plaintiff's actions have resulted in wasting the Court's resources and forcing Defendants to expend attorneys' fees on issues other than the merits. As a result, and in an effort to avoid further gamesmanship, Defendants respectfully ask the Court for an Order requiring Plaintiff to pay Defendants' reasonable attorney's fees incurred in preparing this response.

## CONCLUSION

For all reasons provided above, Defendants respectfully request an Order: (1) denying Plaintiff's Motion; (2) striking all references to the Parties' confidential settlement communications, (3) staying the case and compelling the parties to arbitrate the claims, (4)awarding Defendants' reasonable attorney's fees incurred in responding to Plaintiff's frivolous Motion; and (5) for any other relief this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 1st day of June, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By:   */s/ Stephanie Adler-Paindiris*
      Stephanie Adler-Paindiris
      Florida Bar No. 0523283
      stephanie.adler-
      paindiris@jacksonlewis.com
      390 North Orange Avenue, Ste. 1285
      Orlando, Florida 32801
      Tele:   (407) 246-8440
      Fax:    (407) 246-8441

      Melissa M. Castillo
      Florida Bar No. 1025338
      melissa.castillo@jacksonlewis.com
      Wells Fargo Center
      100 South Ashley Drive, Suite 2200
      Tampa, FL 33602
      Tele: (813) 512-3210
      Fax:  (813) 512-3211

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and a copy was furnished via U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

                    */s/ Stephanie Adler-Paindiris*
                       Stephanie Adler-Paindiris

17