**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YULIYA GLAZMAN,

    *Plaintiff,*

    v.                           Case No. 8:26-cv-01522-TPB-AEP

CITIGROUP, INC., and
CITIBANK, N.A.,
    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION TO CORRECT THE AUGUST 5, 2026 ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(a)

1.    Pursuant to Local Rule 3.01(f), Plaintiff designates this motion as time-sensitive. The Order entered August 5, 2026 (Doc. 54) is a public record, is accessible through the Court's electronic records system, and is republished by commercial services that index court records. The Order states that the amounts of Plaintiff's bonuses reflected poor performance ratings given to her by Defendants. Doc. 54 at 2. The operative pleading alleges that Plaintiff received the second-highest achievable rating for four consecutive years. Doc. 22 ¶¶ 26–27. Plaintiff is actively seeking employment in the financial services industry, applications remain pending, and background screening of candidates,

including review of publicly available court records, is standard practice in that industry. See Declaration of Yuliya Glazman, filed herewith. While the statement remains uncorrected, it is available to prospective employers. Plaintiff requests a ruling by August 21, 2026.

## I.    RELIEF REQUESTED

2.    Plaintiff moves under Federal Rule of Civil Procedure 60(a), and alternatively under Rule 54(b), to correct one statement in the Background section of the Order entered August 5, 2026 (Doc. 54 at 2). The statement reports the opposite of the operative pleading. This motion requests no reconsideration of the Court's analysis, no modification of the determination that the arbitration agreement is enforceable, no modification of the stay or administrative closure, and no change to any other finding, conclusion, or directive in the Order. It requests correction of the identified statement and entry of a corrected order.

## II.    BACKGROUND

3.    The Order's Background section describes the employment dispute. It states that Plaintiff was "paid below the median salary while employed by Defendants from at least 2022 through 2025, and that, although she received bonuses each year, the amounts of those bonuses reflected poor performance ratings given to her by Defendants." Doc. 54 at 2.

2

4.      The First Amended Complaint alleges the opposite. It alleges that Defendants maintain a performance evaluation system using a one-to-five scale on which one is the highest achievable rating and five is the lowest. Doc. 22 ¶ 26. It alleges that Plaintiff received a rating of two—the second-highest achievable rating—for the 2022, 2023, 2024, and 2025 performance years, and that Plaintiff received the second-highest achievable rating for four consecutive years. Doc. 22 ¶ 27. It alleges that Plaintiff's bonuses corresponded to that rating and that Defendants increased Plaintiff's bonus in January 2026. Doc. 22 ¶¶ 29–30.

5.      The First Amended Complaint contains no allegation that Plaintiff received a poor, low, or below-average performance rating. The allegation of four consecutive second-highest ratings recurs in the counts of the First Amended Complaint. Doc. 22 ¶¶ 92, 98, 119, 132.

## III.   LEGAL STANDARD

6.      Rule 60(a) provides that the court may correct a mistake arising from oversight or omission whenever one is found in an order, and may do so on motion or on its own. Fed. R. Civ. P. 60(a). Rule 60(a) reaches an error in the recitation of the record that does not reflect the court's deliberate exercise of judgment on the matters it decided.

3

7.  The Order is interlocutory. It stays the action and directs administrative closure rather than entering final judgment. Doc. 54 at 8–9. A district court possesses the authority to revise an interlocutory order at any time before the entry of final judgment. Fed. R. Civ. P. 54(b); Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367 (11th Cir. 2024). Rule 54(b) provides an alternative basis for the correction requested.

## IV.  THE IDENTIFIED STATEMENT IS CONTRADICTED BY THE OPERATIVE PLEADING

8.  The Background states that Plaintiff's bonuses "reflected poor performance ratings given to her by Defendants." Doc. 54 at 2. The First Amended Complaint alleges a rating of two—the second-highest rating on a one-to-five scale—for four consecutive years. Doc. 22 ¶¶ 26–27. The statement in the Order and the allegations of the First Amended Complaint cannot be reconciled.

9.  The correction conforms the recitation to the operative pleading and does not alter the Court's analysis. The enforceability determination rests on the conclusion that the First Amended Complaint alleges "at most discriminatory unequal pay and assignments." Doc. 54 at 7. That determination does not depend on the quality of Plaintiff's performance ratings. Correction of the

Background alters no part of the Analysis, the enforceability determination, the stay, the administrative closure, or any directive in the Order.

10.    The identified statement appears in a public order and concerns Plaintiff's professional performance. The statement is contradicted by the operative pleading on the same docket. Correction places the record in conformity with the pleading the Order purports to describe.

## V.    THE CORRECTION SOUGHT

11.    Plaintiff requests that the statement at page 2 of the Order (PageID 405)—"although she received bonuses each year, the amounts of those bonuses reflected poor performance ratings given to her by Defendants"—be replaced with the following: "although she received bonuses each year, Plaintiff alleges that Defendants use a one-to-five performance rating scale on which one is the highest rating, that Plaintiff received a rating of two—the second-highest rating—for the 2022, 2023, 2024, and 2025 performance years, that her bonuses corresponded to those ratings, and that Defendants increased her bonus in January 2026."

12.    The proposed language reports the allegations of the First Amended Complaint and requires no determination of their truth.

## VI.    RELATIONSHIP TO OTHER MOTIONS

13.    This motion is independent of Plaintiff's motion under 28 U.S.C. § 1292(b) and of any motion for reconsideration of the Order. This motion requests no reconsideration of the Court's analysis and no change to the enforceability determination or the stay. Its disposition does not depend on the disposition of any other motion.

## VII.  CONCLUSION

14.    Plaintiff requests that the Court correct the August 5, 2026 Order under Federal Rule of Civil Procedure 60(a), or alternatively under Rule 54(b), by replacing the statement identified in Section V with the proposed language, and by entering a corrected order that supersedes Doc. 54 and states that the correction alters no other finding, conclusion, or directive in the Order.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on August 5, 2026, Plaintiff conferred with counsel for Defendants by email in a good-faith effort to resolve the relief requested in this motion. As of August 7, 2026, counsel has not responded, and Plaintiff is therefore unable to state Defendants' position. Pursuant to Local Rule 3.01(g)(3), Plaintiff will continue to attempt to contact counsel and will supplement this

certification promptly upon receiving a response or upon the expiration of three

days, whichever is earlier.

Dated: August 7, 2026

Yuliya Glazman
*Plaintiff, pro se*
2110 Thousand Trails Road
Clermont, FL 34714
Telephone: (407) 794-6503

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 7, 2026, the foregoing was delivered to

the Clerk of Court for filing. The Court's CM/ECF system will provide notice of

electronic filing to all counsel of record upon docketing.

Yuliya Glazman