UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YULIYA GLAZMAN,

    *Plaintiff,*

    v.

                        Case No. 8:26-cv-01522-TPB-AEP

CITIGROUP, INC., and
CITIBANK, N.A.,

    *Defendants.*


**PLAINTIFF'S MOTION TO AMEND THE AUGUST 5, 2026 ORDER TO CERTIFY A CONTROLLING QUESTION OF LAW UNDER 28 U.S.C. § 1292(b)**


**I. RELIEF REQUESTED**

1.    Plaintiff moves under 28 U.S.C. § 1292(b) to amend the August 5, 2026 Order (Doc. 54) to certify the question stated in Section II. The motion turns on a distinction between two terms. Count I is a Title VII claim for a hostile work environment based on sex. The Order analyzed the EFAA gateway by asking whether Plaintiff stated a "sexual harassment claim," and it measured the pleaded facts against quid pro quo demands and sexually explicit conduct. Doc. 54 at 5–7. Count I alleges neither, and Title VII requires neither. The EFAA's own term is different still: § 401(4) asks whether the dispute relates to conduct "alleged to constitute sexual harassment under applicable law." The claim pleaded, the claim the Order tested for, and the statutory category are three different things, and the gap among them produces one threshold question of statutory interpretation: whether the EFAA gateway requires a claim plausible under Rule 12(b)(6), or

only a nonfrivolous allegation, with claim sufficiency reserved for the merits. Plaintiff requests no reconsideration of the Order, no modification of the stay, and no determination that Count I satisfies either standard.

## II.    QUESTION PRESENTED

Whether, when a plaintiff alleges a Title VII hostile work environment because of sex, 9 U.S.C. §§ 401(4) and 402(a) require the court at the EFAA gateway to determine that the claim is plausible under Rule 12(b)(6), or instead limit the inquiry to whether the allegation that the dispute relates to conduct constituting sexual harassment under applicable law is nonfrivolous, with claim sufficiency reserved for merits adjudication.

## III.   BACKGROUND

2.     Defendants moved to compel arbitration and to dismiss on May 5, 2026. Doc. 29. Plaintiff filed her opposition on May 26, 2026. Doc. 39. The opposition argued the plausibility standard and, in the alternative, the nonfrivolousness standard, and stated that the First Amended Complaint satisfies either. Doc. 39 at 8 n.2. The Order granted the motion in part, held the arbitration agreement enforceable, denied dismissal, stayed the action, and directed administrative closure. Doc. 54 at 8–9.

3.     The Order adopted the rule that the EFAA's exclusion "applies only when the plaintiff states a plausible claim of sexual harassment, which requires that the claim be capable of surviving a Rule 12(b)(6) motion." Doc. 54 at 5 (quoting *Mitchell v. Raymond James & Assocs., Inc.*, No. 8:23-cv-2342-VMC-TGW, 2024 WL 4486565, at *6 (M.D. Fla. Aug. 23, 2024) (collecting cases), *report and*

*recommendation adopted*, 2024 WL 4263151 (M.D. Fla. Sept. 23, 2024)); *see also Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023) (cited at Doc. 54 at 6).

4. Footnote 3 of the Order identifies the competing approach, under which "a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication." Doc. 54 at 7 n.3 (quoting *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024)). Footnote 3 states that under that standard Plaintiff's allegations would be insufficient "for the same reasons discussed herein." *Id.*

5. The terminology matters to the question presented. Count I is captioned and pleaded as a hostile work environment based on sex. The Order framed the EFAA inquiry as whether Plaintiff stated a "sexual harassment claim," and it contrasted the pleaded facts—compensation and assignment discrimination—with quid pro quo demands and sexually explicit threats or conduct. Doc. 54 at 5–7. Section 401(4) does not require a claim titled "sexual harassment." It asks whether the dispute relates to conduct alleged to constitute sexual harassment under applicable law. The question presented concerns the threshold for that statutory inquiry, not whether Count I ultimately succeeds.

6. Under 9 U.S.C. § 16(b), there is no appeal as of right from an interlocutory order that stays an action under 9 U.S.C. § 3 or directs arbitration to proceed. Section 16(b) makes an exception for appeals taken under 28 U.S.C. § 1292(b).

## IV. LEGAL STANDARD

7. Section 1292(b) allows certification when an order involves a controlling question of law, there is substantial ground for difference of opinion

on that question, and an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification is proper for a pure question of law—an abstract legal issue about the meaning of a statute, regulation, or common-law doctrine. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). It is not proper when the question is whether settled law was correctly applied to the facts. *Id.* at 1259. A question of law is controlling if its resolution may materially affect the outcome of the case. See *id.* at 1258–59. Certification would not say the Order was wrong. It would say only that the Order rests on an unsettled and controlling statutory question, and that answering it now may move the case forward.

## V.     THE QUESTION PRESENTED IS A CONTROLLING QUESTION OF LAW

8.      The question presented concerns what 9 U.S.C. §§ 401(4) and 402(a) mean: what inquiry those provisions allow a court to conduct before enforcing a predispute arbitration agreement over an election made under § 402(a). Section 401(4) defines a "sexual harassment dispute" as a dispute relating to "conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." Section 402(a) provides that, at the election of the person alleging conduct constituting a sexual harassment dispute, no predispute arbitration agreement is valid or enforceable with respect to a case relating to that dispute. The question is what legal test governs that determination. Answering it requires no review of the factual record and no application of law to fact.

9.      The question controlled the outcome. The Order's choice of the plausibility standard decided the enforceability of the arbitration agreement for all ten counts of the First Amended Complaint. If §§ 401(4) and 402(a) limit the

gateway inquiry to nonfrivolousness, with claim sufficiency saved for the merits, the applicability determination would proceed under a different legal framework.

10.    Footnote 3 does not make the question any less controlling. The Order's main analysis did two things: it classified the pleaded facts as unequal-pay and assignment discrimination rather than hostile-environment harassment, and it then held the claim insufficient under Rule 12(b)(6). Footnote 3 reached the nonfrivolousness standard "for the same reasons discussed herein." Doc. 54 at 7 n.3. It carried over both steps—the same classification and the same sufficiency analysis. Under *Diaz-Roa*, claim sufficiency is not decided at the gateway at all; it waits for the merits. Whether one merits-sufficiency analysis can answer the gateway question under both standards is the legal question this motion presents.

11.    Certification requires only that the answer may affect the outcome. Certainty is not required. Here, the choice of standard can matter. Count I alleges a hostile work environment because of sex. It does not allege quid pro quo demands or sexual propositions, and Title VII does not require them. The question under Title VII is whether members of one sex faced working conditions that members of the other sex did not. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80–81 (1998). A hostile work environment is a form of disparate treatment, and courts weigh the alleged conditions together and in context. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807–10 (11th Cir. 2010) (en banc). The First Amended Complaint alleges recurring corrective assignments given only to the one woman in the unit, a designated male backup who was bypassed, displacement of Plaintiff's regular work, deadline pressure, and no comparable conditions for the men. FAC ¶¶ 78–84. Whether that pattern is severe or pervasive enough is a merits question. The point here is narrower: a gateway that saves that

question for the merits could come out differently than the Rule 12(b)(6) gateway the Order applied.

## VI. SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS

12. The Order itself identifies the division of authority. It describes the plausibility standard as the majority approach among district courts, citing *Mitchell* (collecting cases) and *Yost*. Doc. 54 at 5–6. It identifies the competing nonfrivolousness approach in *Diaz-Roa*. Doc. 54 at 7 n.3. The nonfrivolousness standard in *Diaz-Roa* draws on the framework associated with *Bell v. Hood*, 327 U.S. 678 (1946). *Diaz-Roa*, 757 F. Supp. 3d at 542. The disagreement is not just about how much factual detail a plaintiff must plead. It is about whether claim sufficiency is decided as part of the EFAA gateway or saved for ordinary merits adjudication once the gateway is crossed.

13. No decision of the Eleventh Circuit, and no decision of any court of appeals, resolves the choice between the two standards. In *Bruce v. Adams & Reese, LLP*, 168 F.4th 367 (6th Cir. 2026), the Sixth Circuit described the plausibility reading of § 401(4) as the prevailing view among district courts, identified *Diaz-Roa* as the decision departing from it, and applied the plausibility standard without deciding which standard is correct, because the plaintiff there had forfeited any argument for the alternative. Plaintiff preserved the alternative here. Doc. 39 at 8 n.2. The EFAA was enacted on March 3, 2022. The question is one of first impression in the Eleventh Circuit, it has divided district courts, the division has been acknowledged at the circuit level, and it concerns the meaning of a federal statute.

## VII.  IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

14.    The Order sends all ten counts to arbitration and stays the case. Without certification, the Order can be reviewed only after the arbitration ends, judgment is entered, and an appeal is taken under 9 U.S.C. § 16(a)(3). That review is available as of right, and Plaintiff will preserve the question for it. The choice is not whether the question receives appellate review; it is when. Answering it now may eliminate the arbitration entirely. Answering it later risks a completed arbitration followed by a ruling that the wrong gateway standard was applied— which would send the parties back to the beginning.

15.    Congress preserved § 1292(b) certification as the mechanism for immediate review of interlocutory orders favorable to arbitration. 9 U.S.C. § 16(b).

## VIII.  PROCEEDINGS UNDER THE ORDER

16.    Plaintiff is complying with the Order. This motion requests no stay of the Order or of proceedings under it. Plaintiff's compliance does not waive her election under 9 U.S.C. § 402(a) or her right to review of the Order. The action is stayed and administratively closed. Certification requires no additional proceedings before this Court, and Plaintiff does not ask to suspend the arbitration or to reopen merits proceedings while certification is pending.

## IX.  CONCLUSION

17.    Certification would not require the Court to reconsider its ruling or to doubt the result it reached under the standard it selected. It would recognize only that the Order decided an unsettled threshold question of federal statutory interpretation: whether the EFAA gateway requires a plausible hostile-work-

environment claim, or only a nonfrivolous allegation that the dispute relates to conduct constituting sexual harassment under applicable law, with claim sufficiency saved for the merits. District courts have given different answers. The Sixth Circuit has identified the question but left it open. The Eleventh Circuit has not yet supplied a rule. Plaintiff preserved both standards, and the answer decides whether this case proceeds in court or in arbitration. Certification would let the Eleventh Circuit answer the question before the parties complete an arbitration whose necessity depends on the answer. That is the narrow circumstance for which § 1292(b) exists.

18.    Plaintiff requests that the Court amend its August 5, 2026 Order to state that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal may materially advance the ultimate termination of the litigation, and that the question set forth in Section II is certified for interlocutory review.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on August 5, 2026, Plaintiff conferred with counsel for Defendants by email in a good-faith effort to resolve the relief requested in this motion. Defendants oppose the relief requested.

Date: August 7, 2026.

Yuliya Glazman

*Plaintiff, pro se*
2110 Thousand Trails Road
Clermont, FL 34714
Telephone: (407) 794-6503

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 7, 2026, the foregoing was delivered to the Clerk of Court for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman