AUG 10 2026 PM2:57
FILED - USDC - FLMD - TPA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

YULIYA GLAZMAN,

    *Plaintiff,*

    v.                        Case No. 8:26-cv-01522-TPB-AEP

CITIGROUP, INC., and
CITIBANK, N.A.,

    *Defendants.*

## PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(a) TO CORRECT CLERICAL ERRORS IN THE AUGUST 5, 2026 ORDER

### I.    RELIEF REQUESTED

1. Plaintiff moves under Federal Rule of Civil Procedure 60(a) to correct three clerical errors in the Order entered August 5, 2026 (Doc. 54). This motion requests no reconsideration of the Court's reasoning, no alteration of the disposition, no modification of the stay or administrative closure, and no change to the arbitration directive. The corrections concern one typographical error, one incorrect reporter volume, and one misspelled party name.

### II.    THE THREE ERRORS

2. Page 7. The Order states that Plaintiff's allegations "do not statute a plausible hostile work environment claim." Doc. 54 at 7. The word "statute" is a typographical error for "state."

3.      Page 4. The Order cites "Circuit City v. Adams, 552 U.S. 105, 119 (2001)." Doc. 54 at 4. The correct reporter volume is 532. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

4.      Footnote 2. The Order cites "Allied-Bruce Terminix Cos. v. Dubson, 513 U.S. 265, 281 (1995)." Doc. 54 at 4 n.2. The party name is misspelled. The correct spelling is "Dobson." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995).

## III.   LEGAL STANDARD

5.      Rule 60(a) provides that the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in an order, and may do so on motion or on its own. Fed. R. Civ. P. 60(a). The three corrections requested are transcription and citation errors. None affects the Court's reasoning or disposition.

## IV.   THE CORRECTIONS SOUGHT

6.      Plaintiff requests entry of a corrected order that (a) replaces "statute" with "state" at page 7; (b) replaces "552 U.S. 105" with "532 U.S. 105" at page 4; and (c) replaces "Dubson" with "Dobson" in footnote 2. The corrected order alters no other portion of the August 5, 2026 Order.

## V.   RELATIONSHIP TO OTHER MOTIONS

7.      This motion is separate from Plaintiff's motion to correct the Order's statement concerning Plaintiff's performance ratings, from Plaintiff's motion under 28 U.S.C. § 1292(b), and from any motion for reconsideration of the Order. Its disposition does not depend on the disposition of any other motion.

## VI.   CONCLUSION

8.     Plaintiff requests that the Court correct the August 5, 2026 Order under Federal Rule of Civil Procedure 60(a) by entering a corrected order making the three corrections identified in Section IV and altering no other portion of the Order.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on August 5, 2026, Plaintiff conferred with counsel for Defendants by email in a good-faith effort to resolve the relief requested in this motion. Counsel for Defendants responded by email, stating: "We oppose this motion as we do not believe it is necessary." Defendants oppose the relief requested.

Dated: August 7, 2026

Yuliya Glazman
*Plaintiff, pro se*
2110 Thousand Trails Road
Clermont, FL 34714
Telephone: (407) 794-6503

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 7, 2026, the foregoing was delivered to the Clerk of Court for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman