**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-01522-TPB-AEP**

**CITIGROUP, INC., and**
**CITIBANK, N.A.**

**Defendants.**

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S TIME-SENSITIVE MOTION TO CORRECT THE AUGUST 5, 2026 ORDER UNDER RULE 60(a)**

Defendants Citigroup, Inc. and Citibank, N.A. (collectively, "Citi" or "Defendants") respectfully submit this Response[1] to Plaintiff's Time-Sensitive Motion to Correct the August 5, 2026 Order Under Federal Rule of Civil Procedure 60(a) (Doc. 55) (the "Motion").

---

[1] Citi files this response for the sole purpose of enforcing the Court's Order compelling arbitration and by no means waives the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

## ARGUMENT

## I. INTRODUCTION

Plaintiff seeks to "correct one statement in the Background section of the Order entered August 5, 2026" because according to her erroneous *interpretation* of the Court's Order, the Court misstated the facts. *See* Motion, at p. 2. Plaintiff's Motion should be denied because the Court was not stating affirmative facts and Plaintiff's Motion is based on her own misinterpretation of the Court's Order, which is not sufficient grounds to "correct" an order.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and that such correction may be made "on motion or on its own." Fed. R. Civ. P. 60(a). There is no such error here.

Rule 54(b) provides that "any order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration of an interlocutory order "is committed to the sound discretion of the district judge." *See Fellype v. Citibank, N.A.*, No. 19-23547-Civ-

COOKE/GOODMAN, 2020 U.S. Dist. LEXIS 247521, at *4 (S.D. Fla. Nov. 6, 2020) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Courts in this District have consistently held that reconsideration of an interlocutory order is appropriate only where the movant demonstrates: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *See Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). The burden is on the movant to establish good cause to reverse a prior order. *Woodman v. U.S. Bank (In re Woodman)*, No. 6:14-cv-1556-Orl-41, 2016 U.S. Dist. LEXIS 190824, at *5 (M.D. Fla. Apr. 6, 2016) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).

## III. THERE IS NO ERROR TO CORRECT UNDER EITHER RULE 60(a) or RULE 54(b).

Plaintiff's request to amend the Court's August 5, 2026 Order (Doc. 55) (the "Order") is unnecessary, as Plaintiff misunderstands and mischaracterizes the Court's language in the Order. Plaintiff claims that the Court's Order characterized Plaintiff as receiving poor performance ratings. Motion, at p. 4. The following statement in the Order is at issue:

> She alleges she was paid below the median salary while employed by Defendants from at least 2022 through 2025, and that, although she received bonuses each year, *the amounts of those bonuses reflected poor performance ratings given to her by Defendants*.

Order, at p. 2 (emphasis added). Plaintiff appears to misunderstand the Court's language that "the amounts of those bonuses reflected poor performance ratings given to her by Defendants" as suggesting that Plaintiff indeed received poor performance ratings. Defendants interpret the Court's Order as saying that Plaintiff believes her bonuses were of such an amount that they would reflect someone with poor performance, when in fact, she asserts she did not have poor performance. Defendants do not interpret the Court's Order as stating Plaintiff actually received poor performance ratings. Although the Court possesses the authority under Rule 60(a) to correct clerical errors, there is simply no error to correct in this case.

Alternatively, Plaintiff seeks reconsideration of the Order under Rule 54(b) to address this "error." However, Plaintiff's Motion does not satisfy the requirements for reconsideration under Rule 54(b). Plaintiff's Motion presents no new evidence, identifies no intervening change in controlling law, and presents no need to correct clear error or manifest injustice. Instead, Plaintiff seeks for the Court to reword its Order out of concern that a future employer will come across the Order and conclude that Plaintiff exhibited poor performance. *See* Motion, p. 1-2. Reconsideration of a previous order is an extraordinary remedy intended to

be used sparingly. *See M.G. v. St. Lucie County Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014). This is not an exceptional circumstance warranting reconsideration by any means.

As Plaintiff noted in her Motion, her proposed amendment does not impact the Court's analysis, nor does it change the ruling in the Court's Order. Although Plaintiff claims that this alleged error prejudices her in her search for employment in the financial services industry, this argument is not persuasive because (1) she misinterprets the Order and (2) it was Plaintiff's choice, not Citi's, to file this public lawsuit in lieu of confidential arbitration to which she agreed, knowing that information about her employment with Citi would be public record. Accordingly, the Court should deny Plaintiff's Motion.

DATED this 24th day of August, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *<u>/s/ Stephanie L. Adler-Paindiris</u>*
Stephanie L. Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-
paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440
Fax: (407) 246-8441

Melissa M. Castillo
FBN 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and furnished by U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

*/s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris

4926-8986-6440, v. 2