**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-01522-TPB-AEP**

**CITIGROUP, INC., and**
**CITIBANK, N.A.**

**Defendants.**

---

# CITI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) FOR RECONSIDERATION AND AMENDMENT OF THE AUGUST 5, 2026 ORDER

Defendants Citigroup, Inc. and Citibank, N.A. (collectively, "Citi" or "Defendants") respectfully submit this Response[1] in Opposition to Plaintiff's Motion Under Federal Rule of Civil Procedure 54(b) for Reconsideration and Amendment of the August 5, 2026 Order (Doc. 58) ("the Motion"). For the reasons set forth below, the Motion should be denied.

[1] Citi files this response for the sole purpose of enforcing the Court's Order compelling arbitration and by no means waives the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

## INTRODUCTION

On August 5, 2026, this Court entered an order (Doc. 54) (the "Order") granting Citi's Motion to Compel Arbitration, staying this action, and directing administrative closure. The Court's Order carefully analyzed whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") rendered the parties' arbitration agreement unenforceable and concluded that it did not. Just two days later, Plaintiff filed her Motion (Doc. 58), which is little more than an impermissible attempt to relitigate arguments the Court already considered and rejected.

Plaintiff's motion does not identify an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. Stripped of its framing, Plaintiff's Motion is simply a restatement of arguments she already raised in her opposition to Citi's Motion to Compel Arbitration (Doc. 39) (Plaintiff's "Opposition"). Plaintiff has recycled her arguments that the EFAA precludes her claims from arbitration and that Citi waived its right to arbitrate by engaging in settlement discussions. The Court considered these arguments and entered its Order. Plaintiff's disagreement with the Court's resolution of those arguments does not entitle her to a second bite at the apple. Plaintiff has not identified a legal argument to support this motion but rather merely disagrees with the Court's characterization of her claims and the

Court's analytical framework. Plaintiff's disagreement by itself is insufficient to warrant reconsideration under Rule 54(b).

## **ARGUMENT**

### I. STANDARD OF REVIEW

Rule 54(b) provides that "any order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration of an interlocutory order "is committed to the sound discretion of the district judge." *See Fellype v. Citibank, N.A.*, No. 19-23547-Civ-COOKE/GOODMAN, 2020 U.S. Dist. LEXIS 247521, at *4 (S.D. Fla. Nov. 6, 2020) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Courts in this District have consistently held that reconsideration of an interlocutory order is appropriate only where the movant demonstrates: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *See Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). The burden is on the movant to establish good cause to reverse a prior order. *Woodman v. U.S. Bank (In re Woodman)*, No. 6:14-cv-1556-Orl-41, 2016 U.S.

Dist. LEXIS 190824, at *5 (M.D. Fla. Apr. 6, 2016) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)). Reconsideration of a previous order is an extraordinary remedy intended to be used sparingly. *See M.G. v. St. Lucie County Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014).

Plaintiff's Motion satisfies none of these criteria. Plaintiff's Motion presents no new evidence and identifies no intervening change in controlling law. Every argument in the Motion was available to Plaintiff before the Order was entered and most were previously raised in her Opposition (Doc. 39). Reconsideration is not a vehicle for a party to improve upon arguments that were previously made—or to make arguments that could have been made more effectively in the first instance. *See Arthur*, 500 F.3d at 1343 (A motion to alter a judgment "cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks omitted). Plaintiff's Motion is, at its core, a disagreement with how the Court characterized and resolved her arguments, which by no means warrants reconsideration. To the extent Plaintiff is arguing that the Court committed a clear error or that the ruling is manifestly unjust, such argument would be misplaced.

## II. THE COURT HAS NOT COMMITTED ANY CLEAR ERROR WARRANTING RECONSIDERATION OF THE COURT'S ORDER.

### A. *The Court Was Not Required to Address Every Argument in Opposition as Presented by Plaintiff.*

Plaintiff contends the Court erred by describing her Opposition as based on one ground, whether the EFAA is applicable to her claims. She alleges she presented five grounds in her Opposition for the Court's consideration. *See* Motion, at p. 3. Plaintiff misunderstands the role of a district court in resolving motions and overestimates her own authority.

The Court is not required to address every argument raised by Plaintiff nor must it consider arguments because Plaintiff asserts them. *See Guan v. Ellingsworth Residential Cmty. Ass'n, Inc. (In re Ellingsworth Residential Cmty. Ass'n, Inc.)*, 125 F.4th 1365, 1381 (11th Cir. 2025) ("We do not require courts to address every argument which a litigant raises. . . When a litigant raises nondispositive, irrelevant, or frivolous issues, it would unnecessarily burden the court system to require every issue to be addressed. And to require a court to address meaningless issues would not accord with our purpose of providing meaningful appellate review."). Plaintiff argues that reconsideration is warranted due to various perceived defects in the Order as well as the accumulation of those perceived defects. *See* Motion, at p. 14. Plaintiff argues that "any one imprecision might be immaterial in isolation but collectively they show the enforceability determination

proceeded through a narrowed presentation of both the pleading and the opposition." This is not a recognized basis for reconsideration and is not a clear error by the Court. Again, Plaintiff is simply contending, albeit in several words, that the Court got it wrong. That is not enough. Despite Plaintiff's characterization of the Court's assessment of the issues at hand, the Court considered the dispositive issue relevant to Defendants' Motion to Compel Arbitration and Plaintiff's ground for opposition: the applicability of the EFAA to Plaintiff's claims.

**B. *The Court Properly Considered the Applicability of the EFAA.***

Plaintiff effectively seeks to rehash her argument that the EFAA exempts her lawsuit from arbitration by claiming now that the Court analyzed her Title VII hostile work environment claim as a Title VII *quid pro quo* sexual harassment claim, that her conclusory allegations of having been subjected to a hostile work environment are not in fact conclusory, and that the Court should have applied a non-frivolous framework instead of a plausibility framework to determine whether the EFAA applied in this case. These arguments are without merit.

***i. The Court Applied the Correct Standard for a Title VII Hostile Work Environment Claim.***

Plaintiff argues the Court "tested a claim formulation different from Count I" by evaluating her allegations "against quid pro quo demands and sexually explicit conduct." Motion, at p. 4. Plaintiff mischaracterizes the Court's analysis.

The Order neither applies the *prima facie* case for a Title VII *quid pro quo* harassment claim nor "excluded" her factual allegations simply because they are not explicit. *Id.* at p. 5. The Court applied the Title VII hostile work environment *prima facie* analysis to Plaintiff's hostile work environment claim and considered whether Plaintiff's factual allegations concerning disparate treatment and corrective assignments satisfy the Title VII standard. The Court properly concluded they did not. Order, at p. 4-7.

Instead, the Court's Order simply stated that it recognized two forms of sexual harassment: *quid pro quo* sexual harassment *and* hostile work environment sexual harassment. *Id.* at p. 6. The Court identified both stating essentially that *quid pro quo* sexual harassment occurs when an employer alters an employee's job conditions as a result of the employee's refusal to submit to sexual demands, *see Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1223 (11th Cir. 2006), and that hostile environment sexual harassment occurs when an employer's conduct unreasonably interferes with an individual's work performance or creating an intimidating, hostile, or offensive environment. *See Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 836-37 (11th Cir. 2021) (internal quotations omitted). The Court did not state that Plaintiff's claim was one for q*uid pro quo* harassment but simply, that she did not state facts to support that claim.

The Court also analyzed the elements of a hostile work environment claim. As provided in Defendant's Motion to Compel (Doc. 29), the *prima facie* case for a hostile work environment claim under Title VII, a plaintiff must establish that: (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected group; (4) the harassment was sufficiently severe or pervasive to alter the terms of her employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of direct or vicarious liability. *See Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *Jones v. Spherion Atlantic Enterp., LLC*, 493 F. App'x 6, 9 (11th Cir. 2012).

The Court evaluated Plaintiff's Title VII hostile work environment claim for plausibility as part of its EFAA preclusion assessment. Order, at p. 5-6. The Court applied the correct standard and noted that a hostile work environment "requires a work environment 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" tracking the language of the Title VII hostile work environment *prima facie* case requiring "severe or pervasive" working conditions and citing to case law describing the conduct the Eleventh Circuit has deemed to satisfy the hostile work environment standard. *Id.* Plaintiff mischaracterizes the Order as considering only whether a compensation

or assignment decision alone establishes a hostile work environment, when the Order clearly considers all facts raised in Count I and within the Complaint to determine whether Plaintiff sufficiently alleged a hostile work environment. *Compare* Motion, at p. 5, and Order, at p. 7 ("While these conclusory allegations borrow some of the language courts have used to describe a hostile work environment, *nowhere in the 'Hostile Work Environment' count or anywhere else in the complaint* are there any allegations plausibly suggesting a sexual harassment claim under the standards set forth above.") (emphasis added). Plaintiff also mischaracterizes the Order by alleging the Court excluded certain facts from its analysis, when the Court expressly states that it considered all facts in the Complaint in determining the plausibility of Plaintiff's claim. *See id.*

Plaintiff also mischaracterizes the case law she cites in support of the proposition that the appropriate inquiry in a hostile work environment analysis is whether the "plaintiff was subjected to disadvantageous terms or conditions in employment." Motion, at p. 6. In *Oncale*, the Supreme Court considered whether same-sex sexual harassment is actionable under Title VII, noting that harassing conduct "need not be motivated by sexual desire" and providing the example of a "female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace." *Oncale v. Sundowner Offshore Servs.*, 523 U.S.

75, 80, 118 S. Ct. 998, 1002 (1998). Contrary to Plaintiff's representations, the Supreme Court did not equate disparate treatment in assignments to sexual harassment.

### *ii.* The Order Considered the Totality of Plaintiff's Allegations in its Determination that Plaintiff's Hostile Work Environment Allegations Were Unsupported and Conclusory.

Plaintiff frames her disagreement with the Court's Order as a deficiency or error by the Court by arguing that the Order incorrectly treated her hostile work environment allegations as conclusory. Plaintiff claims that the "Order separated the ultimate allegation from the facts supporting it" because of the Court's reasoning that her allegations of disparate treatment in work assignments does not support her conclusory allegation that Citi's conduct was "sufficiently pervasive to alter the terms and conduct of Plaintiff's employment." Plaintiff's Motion, p. 6. Plaintiff's argument is meritless.

As the Court noted, Plaintiff's only allegations of a hostile work environment claim were (1) her own title of Count I of her Amended Complaint, "Hostile Work Environment Based on Sex" and (2) her conclusory allegation that the conduct alleged in the complaint was "sufficiently pervasive to alter the terms and conditions of Plaintiff's employment and create a working environment that unreasonably interfered with [her] ability to perform her core responsibilities." Order, at p. 7. As noted in the Court's Order, the substance of Plaintiff's allegations

is that she was the sole female member of a five-person team and that she received compensation that was less than similarly situated male coworkers in addition to less favorable assignments. *Id.* at p. 2-7. Plaintiff insists that the Court did not take these allegations into consideration and merely considered her conclusory allegation of pervasiveness in isolation. Motion, at 6. This is incorrect. The Court considered Plaintiff's allegations in their entirety to determine which allegations support Plaintiff's hostile work environment claim and found none other than the aforementioned conclusory allegations. *See* Order, at p. 7. Further, the Court mentioned that Plaintiff's facts show, at most, "unequal pay and assignments" and that these allegations do not state a plausible hostile work environment claim. *Id.* Plaintiff points to no language in the Order suggesting the Court failed to consider all facts pled by Plaintiff.

Plaintiff's characterization of the Court's Order is incorrect and a clear attempt to revive her EFAA preclusion argument. *See Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 LX 450006, at *2 (M.D. Fla. Oct. 4, 2025) ("Accordingly, '[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'") The Court did not fail to consider allegations Plaintiff pled. Plaintiff simply disagrees with the Court that her unequal pay and disparate

treatment allegations do not constitute a hostile work environment. Accordingly, this argument fails.

***iii. The Court's Plausibility Analysis Was Proper and Considered Plaintiff's Argument under the Nonfrivolous Standard.***

Although somewhat difficult to follow, Defendants interpret Plaintiff's arguments surrounding the Court's footnote 3 as (1) quarreling with the Court's conclusion that her factual allegations assert a disparate treatment claim and not a hostile work environment claim and (2) that the Court must not have considered the "nonfrivolous standard" because the Court identified Plaintiff's claim of "harassment" as conclusory despite Plaintiff's inclusion of the conclusory term "hostile work environment." Neither argument holds water.

The Court properly evaluated the applicability of the EFAA to Plaintiff's claims by undertaking a plausibility assessment. *See* Order, at p. 7. The Court also identified that at least one court in a different district used the nonfrivolous standard but that regardless, the Court looked at the factual allegations using that standard and the outcome would be no different. In her Motion, Plaintiff argues the Court must have gotten it wrong because the Court stated that "Plaintiff's conclusory allegations labeling her claims as 'harassment' would be insufficient to defeat arbitration pursuant to EFAA." Motion at p. 8-10. Plaintiff then argues that she titled Count I "Hostile Work Environment" and not "Harassment" and that

her use of the term "harassment" came from the statute. These arguments fail for several reasons.

Plaintiff's argument about the Court's use of the term "harassment" versus "hostile work environment" is inconsequential. The EFAA does not invalidate arbitrations agreements when the Claimant is asserting an equal pay act claim or disparate pay or assignment claim. It does when the facts plausibly allege allegations that support a claim for hostile work environment harassment under Title VII. The use of sexual harassment and hostile work environment are often used interchangeably. Plaintiff's argument identifies a distinction without a difference. Whether the Court framed Plaintiff's conclusory allegations to circumvent her arbitration agreement as "harassment" or "hostile work environment," her labels are conclusory and her facts are nonexistent. The Court seemed to be stating that whether a plausibility or nonfrivolous standard is applied, Plaintiff has not identified facts to support a sexual harassment or hostile work environment claim but only raised conclusory allegations using titles. *See* Order, at p. 9 n. 3.

Under the plausibility standard, Plaintiff's complaint, and specifically, her hostile work environment (aka harassment or sexual harassment) claim, must contain sufficient *factual* matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim has facial

plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (courts are "not bound to accept as true a legal conclusion couched as a factual allegation").

Likewise, the nonfrivolous standard, as articulated in *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024), does not require the Court to blindly accept Plaintiff's characterization of the sufficiency of her hostile work environment claim. It requires that the claims "relating to . . . conduct alleged to constitute sexual harassment" be "nonfrivolous[2]."

Regardless of whether the standard is characterized as "plausible" or "nonfrivolous," the Court was required to consider whether the factual allegations plausibly or nonfrivolously describe conduct constituting sexual harassment. The Court determined that Plaintiff's hostile work environment claim, as pled, would not survive either standard due to the absence of factual support for a hostile work environment claim. *See* Order, at p. 7. Even under the lighter burden of the nonfrivolous standard, Plaintiff did not plead *any* factual allegations consistent with a sexually hostile work environment. *See* Doc. 22, Plaintiff's Complaint. The Court's determination that Plaintiff's allegations fall short of describing sexual

[2] *Diaz-Roa* is not controlling law on this Court.

harassment under either a plausibility or nonfrivolous framework was well within its discretion and precludes the need for the Court to undertake an additional assessment under the nonfrivolous standard.

### C. Plaintiff's Policy-Exclusion Argument is Derivative of her EFAA Preclusion Argument.

Plaintiff also claims the Court "did not decide the Policy's federal-statutory exclusion." Motion, at p. 11. This argument is frivolous and unsupported. The Court applied the law to the Plaintiff's First Amended Complaint and determined that Plaintiff's claims are not exempt from arbitration under the EFAA.

Plaintiff acknowledges, the Policy-exclusion argument is "derivative of EFAA applicability." *Id.* Plaintiff is correct that Citi's arbitration agreement does not encompass "[d]isputes which are expressly precluded from arbitration by federal statute" such as claims covered by the EFAA. *Id.* Moreover, the only federal statute Plaintiff identified as precluding arbitration here is the EFAA. *See* Opposition, at p. 7-9. The Court determined in its Order that Plaintiff's claims are not exempt from arbitration by federal statute, specifically by the EFAA, as Plaintiff did not plausibly allege claims of either sexual harassment or sexual assault. Order, at p. 7-8. Plaintiff claims that the Court mischaracterized her Opposition by noting that Citi's arbitration agreement encompasses the claims she's brought in her lawsuit. Motion, at p. 11. This is inaccurate and little more

than an attempt to confuse the issue analyzed by the Court's Order. As all courts must do to evaluate a motion to compel arbitration, the Court considered whether Plaintiff entered into a valid arbitration agreement, whether the arbitration agreement encompasses the claims Plaintiff brought against Citi, and whether the EFAA excludes those claims from arbitration on the basis of Plaintiff's hostile work environment claim. *See* Order, at p. 4-7. The Court determined there was a valid arbitration agreement, that the agreement encompasses the claims asserted by Plaintiff, and that Plaintiff's claims are not exempt from arbitration by the EFAA. *Id.* Plaintiff's request to amend the Order to recognize that Citi's arbitration agreement does not apply to claims excluded by federal law is redundant because the Court determined that Plaintiff's claims are not exempt from arbitration under the EFAA.

**D. Citi Did Not Waive its Right to Arbitrate by Engaging in Settlement Negotiations with Plaintiff.**

Plaintiff contends the Court failed to adjudicate her argument that Citi's "post-filing conduct" constituted a waiver of its arbitration rights. Motion, at p. 12. However, even if the Court did not expressly address this argument, it is so frivolous that it need not be considered and fails on the merits.

Plaintiff argues that the Court should reconsider its Order because it did not address Plaintiff's argument that Citi's post-filing conduct was inconsistent with the right to arbitration under *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

However, Citi's "post-filing" conduct is not newly discovered evidence and the Court's decision not to address this meritless argument is neither a clear error nor manifestly unjust.

For an order to be revised on the basis of new evidence, the moving party must establish that the evidence in question is in fact "new" or was previously unavailable. *See Neibert v. Computer Sciences Corp.*, 2014 U.S. Dist. LEXIS 186762, 2014 WL 11460478, at *3 (N.D. Ga. May 16, 2014) ("[I]t is improper to use a motion for reconsideration as 'a vehicle to present new...evidence that should have been raised earlier....'"). Plaintiff has not met this burden, nor can she, as she raised this argument in her Opposition. Opposition, at p. 18.

Even if the Court did not expressly address Plaintiff's argument that Citi waived its right to arbitrate, this argument fails, as the Court is not required to address every frivolous argument a litigant raises. *See Guan*, 125 F.4th at 1381. Plaintiff's argument that Citi waived its right to arbitrate by attempting to settle her employment claims is frivolous and not grounded in law. As a preliminary matter, *Morgan* addressed the question of whether the FAA authorizes courts to consider harm or prejudice to the opposing party when determining if a party waived a right to arbitrate by litigating, holding that such arbitration-specific procedural rules are inconsistent with the FAA. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). Plaintiff correctly identified that the fundamental inquiry with

respect to the forfeiture of arbitration rights is whether a party acted inconsistently with its right to arbitrate. Having said that, Plaintiff does not identify how an effort to resolve a lawsuit is inconsistent with Defendants' assertion of their right to arbitrate, or how *Morgan v. Sundance* is relevant. *Id.*

Defendants immediately moved to compel arbitration and other than responding to numerous frivolous motions to protect their interests, have continued to assert and maintain their position that Plaintiff's claims must be arbitrated. That Citi made efforts to resolve these claims to avoid spending more money on frivolous claims does not indicate a waiver of the right to arbitrate and Plaintiff cites no legal authority for such an absurd proposition. To determine whether a party has waived its right to arbitrate, courts examine whether that party acted inconsistently with its contractual right to arbitration under a totality of the circumstances test. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (citing *Amargos v. Verified Nutrition*, 653 F. Supp. 3d 1269, 1275 (S.D. Fla. 2023)). In doing so, the Court must consider whether the party seeking arbitration substantially participated in the litigation as one factor in a holistic analysis of whether that party, through participation in the case or by any other action or inaction, waived its right to arbitrate. *See id.* (internal citations omitted). Plaintiff has not identified any action by Defendants that is inconsistent with their

arbitration rights. Citi moved to compel arbitration not once (Doc. 11) but twice (Doc. 29) and has repeatedly asserted to the Court that this case belongs in arbitration. *See Williams v. Lakeland Motors, LLC*, No. 8:25-cv-2613-SDM-NHA, 2025 LX 437744, at *5 (M.D. Fla. Oct. 28, 2025) ("Here, Defendant did not participate in the litigation but, rather, promptly moved to compel arbitration. . . Thus, there is no waiver."); *see* Citi's First Motion to Compel Arbitration (Doc. 11), Citi's Second Motion to Compel Arbitration (Doc. 29), Citi's Motion from Excusal from IDEAL Program (Doc. 50, at p. 1 n.2) ("Defendants file this Motion as part of their continued effort to enforce the Parties' agreement to arbitrate and by no means waive the right to arbitration."). In addition to continuing to litigate this issue, Plaintiff filed a Demand for Arbitration, which Defendants have already filed with AAA. It is perplexing how Defendants' conduct could be interpreted in any way other than enforcing their right to arbitrate. Plaintiff's reliance on the Parties' settlement communications is misplaced, as settlement suggests an intent to avoid litigation rather than a substantial participation in it. *See Jackson v. Glob. Lending Servs.*, LLC, No. 25-CV-62117-DAMIAN/STRAUSS, 2026 LX 63142, at *12 (S.D. Fla. Feb. 17, 2026) (finding the defendant did not waive its right to arbitrate by making a settlement offer to the plaintiff). Plaintiff's waiver argument fails.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court (1) deny Plaintiff's Motion Under Federal Rule of Civil Procedure 54(b) for Reconsideration and Amendment of the August 5, 2026 Order in its entirety; (2) grant Defendants its fees and costs under its inherent powers for filing a frivolous motion and (3) such other relief as this Court deems just and proper.

DATED this 24th day of August, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *<u>/s/ Stephanie L. Adler-Paindiris</u>*
Stephanie L. Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-
paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440
Fax: (407) 246-8441

Melissa M. Castillo
FBN 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and furnished by U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

*/s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris

4931-7494-8295, v. 2