**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-01522-TPB-AEP**

**CITIGROUP, INC., and**
**CITIBANK, N.A.**

**Defendants.**

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 60(a) TO CORRECT CLERICAL ERRORS IN THE AUGUST 5, 2026 ORDER**

Defendants Citigroup, Inc. and Citibank, N.A. (collectively, "Citi" or "Defendants") respectfully submit this Response[1] in Opposition to Plaintiff's Motion Under Federal Rule of Civil Procedure 60(a) to Correct Clerical Errors in the August 5, 2026 Order (Doc. 59) (the "Motion").

**INTRODUCTION**

Plaintiff moves to correct three typographical errors in the Court's August 5, 2026 Order that do not impact the meaning of the Order or the outcome.

---

[1] Citi files this response for the sole purpose of enforcing the Court's Order compelling arbitration and by no means waive the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

**LEGAL ARGUMENT**

Plaintiff's request to amend the Court's August 5, 2026 Order (Doc. 54) (the "Order") to correct typographical errors is unnecessary given the insignificance of the identified typographical errors. Federal Rule of Civil Procedure 60(a) expressly provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and that such correction may be made "on motion or on its own." Fed. R. Civ. P. 60(a).

Citi does not dispute that the three items Plaintiff identifies in her Motion are typographical errors: the word "state" that should be "statute" and two incorrect citations to case law. However, Citi believes that Plaintiff's Motion is entirely unnecessary. The Court possesses independent authority under Rule 60(a) to correct clerical errors *sua sponte*, and the Motion imposes an unjustified burden on the Court and the parties in a case that has already been stayed and administratively closed pending arbitration. *See Blue Chip All., LLC v. Chetu*, Inc., No. 0:22-cv-61602-LEIBOWITZ/REID, 2025 LX 624631, at *4 (S.D. Fla. Dec. 1, 2025) (noting the court's authority to act *sua sponte* under Rule 60(a) to correct a mistake arising from an oversight). The Court can correct these minor errors if it sees fit, but it is not necessary given the immateriality of the errors.

Plaintiff's proposed amendment to the Court's Order will be largely insignificant and will have no bearing on this matter. This matter was already ordered to be administratively closed in favor of arbitration. *See* Order. The Parties are not prejudiced by these minor errors, and Plaintiff has not identified any prejudice imposed by these errors. Moreover, these errors have no bearing on the Court's substantive ruling staying the case in favor of arbitration. Accordingly, the Court should deny Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion. In the alternative, if the Court deems correction of the identified errors appropriate, Citi respectfully requests that the Court exercise its independent authority under Rule 60(a) to correct the errors without further briefing from the Parties.

Dated: August 24, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440
Fax: (407) 246-8441

Melissa M. Castillo
FBN 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and furnished by U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

*/s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris

4915-3696-6088, v. 2