**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-01522-TPB-AEP**

**CITIGROUP, INC., and**
**CITIBANK, N.A.**

**Defendants.**

---

**CITI'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND THE AUGUST 5, 2026 ORDER TO CERTIFY A CONTROLLING QUESTION OF LAW UNDER 28 U.S.C. §1292(b)**

Defendants Citigroup, Inc. and Citibank, N.A. ("Citi" or "Defendants") respectfully submit this response[1] in opposition to Plaintiff Yuliya Glazman's Motion to Amend the August 5, 2026 Order to Certify a Controlling Question of Law Under 28 U.S.C. § 1292(b) (Doc. 56) (the "Motion").

---

[1] Citi files this response solely to enforce the Court's Order compelling arbitration and by no means waive the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

## INTRODUCTION

Plaintiff argues that the Court should amend its August 5, 2026 Order to "certify the question stated in Section II."[2] Plaintiff alleges that her "motion turns on a distinction between two terms" and asserts the Court's Order was wrong because it used terms "sexual harassment," "quid pro quo demands and sexually explicit conduct" and "sexual harassment" and that "the gap among them produces one threshold question of statutory interpretation." Motion p.1. Plaintiff seeks to certify

> Whether, when a plaintiff alleges a Title VII hostile work environment because of sex, 9 U.S.C. §§ 401(4) and 402(a) require the court at the EFAA gateway to determine that the claim is plausible under Rule 12(b) (6), or instead limit the inquiry to whether the allegation that the dispute relates to [sic] conduct constituting sexual harassment under applicable law is nonfrivolous, with claim sufficiency reserved for merits adjudication.

Motion, at p. 2.

Plaintiff's Motion should be denied. It turns on a tortured and manipulated reading of the Court's Order and lacks legal support. Plaintiff cannot satisfy the requirements of § 1292(b) as the Order does not involve a controlling question of law, there is no substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation. Thus, Plaintiff's Motion should be denied.

---

[2] Defendants interpret Section II as the Court's "Analysis" section.

# MEMORANDUM OF LAW

## PLAINTIFF'S MOTION FOR § 1292(b) CERTIFICATION SHOULD BE DENIED.

### I. Legal Standard

Section 1292(b) of Title 28 provides a narrow exception to the final-judgment rule. A district court may certify an interlocutory order for immediate appeal only when the order involves a "controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification under § 1292(b) is an "extraordinary" remedy that should be "used sparingly." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). All three statutory prongs must be satisfied and even when they are, the district court retains broad discretion to deny certification. The movant bears the burden of demonstrating that all three statutory requirements are satisfied. *Id.* at 1264. Section 1292(b) is not intended as a mechanism for early review of difficult rulings or a way for a losing party to obtain a second bite at the apple on a question the district court resolved.

### II. Use of the "Plausibility" or "Nonfrivolous" standard to Plaintiff's factual allegations for applicability of EFAA is Not a Controlling Issue of Law.

Whether an issue is a "controlling issue of law" must be evaluated through two distinct but related inquiries: the question must be one of *law* (and not a mixed

question of fact and law) and must be *controlling*. A question of law is controlling if its resolution will determine the outcome or even the future course of the litigation. *See Bates v. Sequel Youth & Fam. Servs.*, LLC, No. 2:23-CV-01063-RDP, 2026 LX 56891, at *9 (N.D. Ala. Jan. 12, 2026) (citing *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 2017 U.S. Dist. LEXIS 217680, 2017 WL 4572484, at *1 (N.D. Ala. Apr. 3, 2017)). In other words, "the issue must be 'controlling of at least a substantial part of the case.'" *Id.* (citing *Mamani v. Berzain*, No. 07-22459-CIV-JORDAN, 2010 U.S. Dist. LEXIS 147350 (S.D. Fla. Mar. 16, 2010)); *McFarlin,* 381 F.3d at 1264 ("an appellate court ought to grant permission for appeal under § 1292(b) only on (1) pure questions of law (2) which are controlling of at least a substantial part of the case."). While whether to use the plausibility standard or the nonfrivolous standard to determine the applicability of EFAA under 9 U.S.C. § 402 may be a question of statutory construction, the way in which it arises *in this case* does not satisfy the Eleventh Circuit's definition of a "controlling question of law."

First, the way in which the question arises *in this case* is not purely one of law. The Court applied the plausibility standard to the specific factual allegations in Plaintiff's First Amended Complaint. The Court's determination of whether the factual allegations alleged by Plaintiff and not merely the headings or conclusory allegations she recited constituted a "sexual harassment dispute" is one intertwined with fact and law. A question that requires the appellate court to

review the record and evaluate the sufficiency of particular allegations is not the kind of abstract legal question § 1292(b) is designed to address. *See Ahrenholz v. Board of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000).

Second, the question is not controlling. The Court evaluated the facts under both the plausibility standard and the nonfrivolous standard and determined *that under either*, the outcome would be the same. Therefore, if the Eleventh Circuit considered the issue, regardless of its holding, the outcome would be the same.

**III. There Is No Substantial Ground for Difference of Opinion.**

There is no substantial ground for difference of opinion as to whether to use a plausibility standard or nonfrivolous standard to analyze EFAA preclusion. "To demonstrate substantial ground for difference of opinion exists, the applicant must show that 'a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue.'" *CMR Constr. & Roofing v. Orchards Condo. Ass'n*, No. 2:20-cv-422-FTM-29MRM, 2024 U.S. Dist. LEXIS 76212, *13 (M.D. Fla. Apr. 26, 2024) (citing *Havana Docks Corp. v. Carnival Corp.*, No. 19-CV-21724, 2020 U.S. Dist. LEXIS 112838, 2020 WL 3489371, at *3 (S.D. Fla. June 26, 2020)). "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." *See Doe K.B. v. Hare Krishna Savannah Hotel, LLC*, No. 1:23-cv-02597-TRJ, 2025 LX 502993, at *5 (N.D.

Ga. Apr. 17, 2025). A substantial ground for difference of opinion is not established simply because the moving party disagrees with the Court's ruling. *McFarlin*, 381 F. 3d at 1258. Moreover, the fact that a legal question has not been decided by the controlling circuit does not by itself establish a substantial ground for difference of opinion. *McFarlin*, 381 F. 3d at 1258. "The key factor again is that the issue must be 'difficult,' not just novel. This is sensible, as certification is plainly not necessary every time a district court interprets a new statutory provision." *See Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 165 F. Supp. 3d 1330, 1338 (N.D. Ga. 2015).

Plaintiff cannot establish any factor supporting her argument that her proposed question involves a substantial ground for a difference of opinion. While the Eleventh Circuit has not opined on this issue, its lack of opinion does not assume the issue is "difficult." A difference of positions *between* circuits may be one factor to support certification. Here, no circuit has ruled on the issue. Moreover, a cursory review of the opinions on this issue reflects that the substantial majority of federal courts that have ruled on the issue have adopted the plausibility standard. One of the earlier cases to evaluate the issue determined that by EFAA's requirement that the conduct be "alleged to constitute sexual harassment under applicable law," Congress incorporated the plausibility standard under Rule 12(b)(6). *Yost v. Everyrealm, Inc.,* 657 F. Supp. 3d 563, 565

(S.D.N.Y. 2023). Many courts followed suit. *See Sheehan v. Everstory Partners,* 804 F. Supp. 3d 498 (E.D. Pa. 2026) (applied plausibility standard); *Owens v. PricewaterhouseCoopers LLC,* 786 F. Supp. 3d 831 (S.D.N.Y. 2025) (applied plausibility standard)*, Smith v. Boehringer Ingelheim Pharmaceuticals, LLC,* 2025 U.S. Dist. LEXIS 160508 (D. Conn. Aug. 19, 2025) (applied plausibility standard); *Talley v. ECPI University*, 2025 U.S. Dist. LEXIS 230528 (D.S.C. 2025) (applied plausibility standard); *Mangum v. Ross Dress for Less, Inc.*, 777 F. Supp. 3d 519 (E.D.N.C. 2025) (applied plausibility standard).

The Middle District of Florida has followed the plausibility standard. Plaintiff has identified no case in the Middle District or the Eleventh Circuit that deviates from the plausibility standard. *See Mitchell v. Raymond James & Associates, Inc.*, 2024 U.S. Dist. LEXIS 151960 (M.D. Fla. Aug. 23, 2024) (report and recommendation applying plausibility standard and compelling arbitration), adopted in full by *Mitchell v. Raymond James & Associates, Inc.*, 2024 U.S. Dist. LEXIS 170856 (M.D. Fla. Sept. 23, 2024) (affirming report and recommendation). Other courts in the Eleventh Circuit have applied the plausibility standard. *See Harkins v. Hillstone Rest. Group, Inc.*, 2025 U.S. Dist. LEXIS 28775 (S.D. Fla. 2025) (applied plausibility standard)[3].

[3] In her Opposition, Plaintiff cites *Bruce v. Adams & Reese*, a decision where the Sixth Circuit declined to decide whether the plausibility or non-frivolous standard represents the correct interpretation of the EFAA. *See* 168 F.4th at 376. The Sixth Circuit identified the plausibility

The question proposed by Plaintiff is not a "difficult" issue, and there is no major division within the Eleventh Circuit or among the circuits warranting certification. Plaintiff mischaracterizes the Court's Order as identifying a division of authority as to whether the correct standard for analyzing EFAA preclusion is plausibility or non-frivolousness. Motion p. 6. The plausibility standard is the framework most commonly used to analyze EFAA preclusion in the Eleventh Circuit and across the other circuits. *See Bruce v. Adams & Reese, LLP*, 168 F.4th 367, 375 (6th Cir. 2026) ("This represents the prevailing view of federal district courts that have analyzed the EFAA."); *see also Mitchell*, 2024 U.S. Dist. LEXIS 151960, at *12. That one case in the Southern District of New York held otherwise in 2024, does not make the issue a "difficult" one, particularly where the majority of courts in that same district hold otherwise. Importantly, the Southern District of New York just adopted the plausibility standard in *Lane v. Salesforce, Inc.*, where the court stated that a "plaintiff must plausibly plead a claim of sexual harassment, rather than merely assert a non-frivolous claim." No. 25-CV-9707 (DEH) (HJR), 2026 LX 410473, at *8 (S.D.N.Y. Aug. 14, 2026) ("Because Plaintiff does not plausibly plead retaliation for sexual harassment under the NYCHRL, which is the most lenient statute that she invokes, the EFAA does not bar arbitration of her

standard as the prevailing view of federal district courts that have analyzed the EFAA, noting that the Southern District of New York opted for a different standard, but nevertheless declining to address the issue on grounds that the plaintiff met the stricter standard. *See id.*

claims.") The Southern District of New York's departure from the non-frivolous standard further demonstrates a near complete absence of difference of opinion among circuits. Yet under either the plausibility or nonfrivolous standard, the plaintiff must plead factual allegations concerning sexual harassment. An appeal on this issue might, at most, resolve a minor ambiguity between a few courts, that is not the purpose of § 1292(b). And, here, it would not change the outcome because the Court considered both standards. *See McFarlin*, 381 F.3d at 1264 ("Review under § 1292(b) does not exist for the purpose of resolving ambiguities in district court rulings. . .). Accordingly, there is no substantial ground for difference of opinion warranting certification.

## IV. Certification Would Not Materially Advance the Termination of This Litigation.

Resolution of this issue would not "materially advance the ultimate termination of the litigation," as required by the statute. 28 U.S.C. § 1292(b). To the contrary, interlocutory appeal would only delay the arbitration the Court has already ordered or require the parties to expend significant resources litigating an issue that ultimately will have no impact on the outcome of the case, both because the Court already evaluated the facts under *both* standards and because the Plaintiff already filed a Demand for Arbitration, which is currently pending before the AAA.

Appeals from interlocutory orders should only be used in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation. *See McFarlin*, 381 F.3d at 1256 (citing *Austrian v. Williams*, 198 F.2d 697 (2d Cir. 1952)). This is not an appropriate case for certification. As the Court recognized in footnote 3 of its Order, Plaintiff's allegations are insufficient under both the plausibility and nonfrivolous standards. Order, at p. 7 n.3. The Court's recognition that Plaintiff has not pled any factual allegations constituting sexual harassment eliminates any practical significance of certification because the result will be the same. The best way to terminate this litigation is for Plaintiff to abide by the Court's Order compelling arbitration.

## V. The Strong Federal Policy Favoring Arbitration Agreements Outweighs Certification.

Title 9 specifically limits interlocutory appeals from orders compelling arbitration to exceptional cases meeting the aforementioned requirements under §1292(b). *See* 9 U.S.C. § 16(b). This reflects Congress' deliberate policy choice to promote the efficient resolution of disputes in arbitration without court delay. Likewise, the Supreme Court has explained the FAA "establishes 'a liberal federal policy favoring arbitration agreements.'" *Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Resort to relief under §1292(b) should be the rare exception, not the rule. *See Rossi v. S.K.I. Limousines, Inc.*, No. 06-22094-CIV-GOLD/TUR, 2007 U.S. Dist.

LEXIS 100515, at *2 (S.D. Fla. June 14, 2007); *see Sussman v. Salem, Saxon and Nielsen, P.A.*, 826 F. Supp. 1416, 1418 (M.D. Fla. 1993) (stating that § 1292(b) ought to be used "sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation").

Here, the Court has already concluded that there is a valid arbitration agreement in existence between the parties and that Plaintiff's claims are not exempt by federal law. Accordingly, the Court should deny Plaintiff's Motion for certification.

## CONCLUSION

For the above, Defendants respectfully request that this Court (1) deny Plaintiff's Motion to Amend the August 5, 2026 Order to Certify a Controlling Question of Law Under 28 U.S.C. § 1292(b) (Doc. 56) in its entirety; (2) grant Defendants its attorneys' fees and costs under the Court's inherent powers and (3) grant such other relief as this Court deems just and proper.

Dated August 24, 2026. Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-
paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440

Melissa M. Castillo
FBN 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and furnished by U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

*/s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris

4932-4691-6808, v. 4