**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUG 25 2026 AM11:28
FILED - USDC - FLMD - TPA

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-01522-TPB-AEP

CITIGROUP, INC., and
CITIBANK, N.A.,

*Defendants.*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 54(b) MOTION FOR RECONSIDERATION**

Plaintiff moves under Local Rule 3.01(e) for leave to file a reply of no more than five pages addressing matters first raised in Defendants' Response in Opposition (Doc. 63) to Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 54(b) (Doc. 58).

## I. RELIEF REQUESTED

1. Plaintiff requests leave to file a limited reply addressing Defendants' request that the Court award Defendants their fees and costs incurred in

responding to Plaintiff's motion and the factual assertions Defendants advance in support of that requested monetary relief.

2. Plaintiff's Rule 54(b) motion did not place an award of fees or costs at issue. Defendants' response does. Plaintiff therefore has not previously had an opportunity to address either the asserted basis for imposing monetary relief or circumstances directly bearing on Defendants' stated concern with the expense generated by these proceedings.

3. Plaintiff requests a reply not exceeding five pages. The reply would be confined to the new request for fees and costs and matters necessary to answer that request.

## II. A LIMITED REPLY IS WARRANTED BY THE NEW REQUEST FOR MONETARY RELIEF

4. Defendants do not merely request denial of reconsideration. They additionally ask the Court to require Plaintiff to pay fees and costs incurred by Defendants in responding to the motion. Doc. 63 at 20. That request seeks affirmative relief against Plaintiff beyond disposition of the Rule 54(b) motion itself.

5. Defendants' request also places the burden and expense of continued proceedings directly at issue. Plaintiff has contemporaneous evidence bearing on that subject.

6. On August 25, 2026, Plaintiff transmitted a written proposal to Defendants' counsel offering substantial procedural concessions for the specific purpose of shortening the arbitration proceedings sought by Defendants and reducing the corresponding expense to Citi. Among other things, Plaintiff offered to consider substantial limits on discovery, depositions, motion practice, and hearing time, and invited Citi to propose the most aggressive workable arbitration schedule. A true and correct copy of that communication is attached as Exhibit A to the accompanying Declaration of Yuliya Glazman.

7. Exhibit A is relevant to the discrete new matter raised by Defendants. Defendants ask the Court to impose monetary relief arising from the expense of responding to Plaintiff's litigation activity. Plaintiff, meanwhile, has affirmatively proposed reducing the discovery, motion practice, hearing time, arbitrator expense, and defense costs associated with the arbitration Defendants requested.

8. Plaintiff does not submit Exhibit A as a proposed reply. Plaintiff submits it as evidence of the factual basis for requesting an opportunity to answer

Defendants' newly asserted claim for monetary relief. Local Rule 3.01(e) prohibits inclusion of the proposed reply; Plaintiff has not included one.

9. A limited reply would permit Plaintiff to address the legal basis for Defendants' request, the characterization of Plaintiff's conduct upon which that request rests, and the contemporaneous circumstances bearing on Defendants' asserted concern with fees and costs. No response to this motion for leave is permitted under Local Rule 3.01(e).

## III. CONCLUSION

10. Defendants' opposition introduces a request for affirmative monetary relief that was not presented by Plaintiff's Rule 54(b) motion. Plaintiff requests a limited opportunity to respond before the Court determines whether any such relief is warranted.

Plaintiff requests leave to file a reply not exceeding five pages limited to Defendants' request for fees and costs and the matters bearing directly on that request.

## LOCAL RULE 3.01(g) CERTIFICATE

The undersigned certifies that on August 24, 2026, Plaintiff transmitted a good-faith conferral request to counsel for Defendants concerning the relief requested in this motion. As of filing, counsel has not responded and is unavailable for purposes of completing the conference. Pursuant to Local Rule 3.01(g)(3), Plaintiff will continue diligent attempts to confer for three days and will promptly supplement this certificate upon contact or expiration of that period.

Dated: August 25, 2026

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Road
Clermont, FL 34714
Telephone: (407) 794-6503

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2026, the foregoing was delivered to the Clerk of Court for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman
Plaintiff, *pro se*