# EXHIBIT A

# Proposed Accelerated Arbitration Schedule

From yglazman@protonmail.com <YGlazman@protonmail.com>

To Adler-Paindiris, Stephanie L. (Orlando) <Stephanie.Adler-Paindiris@jacksonlewis.com>, Castillo, Melissa M. (Tampa) <Melissa.Castillo@jacksonlewis.com>

Date Tuesday, August 25th, 2026 at 8:00 AM

Counsel,

Given Citi's stated concern with fees and costs, Plaintiff would like to propose a practical way to reduce both.

Plaintiff is prepared to make meaningful procedural concessions in exchange for an accelerated arbitration schedule leading to a prompt final award. Rather than negotiate around the margins, Citi is invited to propose the most aggressive schedule it considers workable. Plaintiff will approach that proposal expecting to agree.

A compressed proceeding could provide Citi several concrete benefits:

- materially reduced discovery, including substantial limits on depositions and written discovery;
- reduced motion practice and hearing time;
- lower arbitrator fees, defense costs, and related expenses; and
- a narrower and more focused evidentiary record, which may also reduce the damages ultimately presented to the arbitrator.

Plaintiff is willing to make those concessions because her objective is straightforward: complete the arbitration, return the First Action to the district court, obtain the final disposition necessary for appellate review, and file the notice of appeal as soon as possible.

Using August 25, 2026 as the starting point, Plaintiff proposes January 15, 2027 as the target for having the First Action in a posture permitting the filing of that notice.

Put plainly, Plaintiff is willing to make the arbitration easier, shorter, and less expensive for Citi in order to get through it faster. Citi gets less discovery, lower costs, a shorter proceeding, and potentially reduced exposure at the arbitration stage. It can then reserve the resources it saves for defending the appellate proceedings that follow.

Plaintiff presently expects the Second Action to remain stayed while the First Action completes arbitration and the necessary post-award district-court proceedings. Once the First Action proceeds to the Eleventh Circuit, Plaintiff expects the Second Action to resume. Assuming a ruling compelling arbitration in the Second Action by approximately April 1, 2027, Plaintiff would be prepared to use the same compressed approach there, with a target of approximately July 31, 2027 for placing the Second Action in a posture permitting its own notice of appeal.

None of that changes the immediate opportunity. Citi sought arbitration. Plaintiff is offering to substantially reduce the cost and burden of that arbitration and to help bring it to a final award on an unusually compressed schedule.

Please propose the schedule Citi believes would accomplish that objective most efficiently.

Regards,

Yuliya Glazman
*Plaintiff, pro se*